BROWNING A. WILCOX, RESPONDENT, *v.* WILLIAM H. HOWE, APPELLANT.

*Exemption from execution — when it must be claimed.*

A judgment-debtor, if he desires to claim an exemption from execution for certain property, under section 1391 of the Code of Civil Procedure, must notify the sheriff of his claim before he can maintain an action for the conversion of such property, or to recover its possession, especially where there is other property to which said exemption might equally well apply.

APPEAL by the defendant William H. Howe from a judgment of the County Court of Jefferson county, entered in the office of the clerk of the county of Jefferson on the 29th day of October, 1889, in favor of the plaintiff and against the defendant, for the possession of certain chattels mentioned in the plaintiff's complaint, namely, one horse and one wagon of the value of eighty-five dollars, and for six cents damages and costs.

The complaint alleged that the defendant, on or about the 31st day of August, 1889, took and wrongfully detained from the plaintiff certain property belonging to the plaintiff as follows, namely : One horse of the value of eighty-five dollars, and one red-stock wagon of the value of thirty-five dollars, in which plaintiff claims property and the right of immediate possession.

*George E. Morse*, for the appellant.

*E. C. Emerson*, for the respondent.

MARTIN, J. :

This is an appeal by the defendant from a judgment of the Jefferson County Court, entered upon the verdict of a jury, rendered under the direction of the court. The judgment awarded to the plaintiff the possession of a horse and wagon, and determined their value at eighty-five dollars. It also awarded to the plaintiff six cents damages and seventy-two dollars and fifty-nine cents costs.

The action was to recover the possession of the horse and wagon in question. They had been levied upon and taken by the defendant, as a constable, by virtue of a warrant of attachment against the property of the plaintiff, issued out of a Justice's Court. The plaintiff based his right to recover the possession of the property on the ground that it was exempt from levy and sale under execution. It was not exempt under the provisions of section 1390 of the Code of Civil Procedure. If exempt, it was under section 1391, and because it constituted a part of the working tools or team of the plaintiff, who was a householder having a family for which he provided.

The evidence discloses that when the property in question was taken the plaintiff had property of the description mentioned in section 1391 of the Code, which was of the value of $340, including the

property in question.   There was no evidence that he, before action, claimed this property as exempt, nor that he demanded it of the defendant.   On the trial the court held that no such claim or demand was necessary, but that it was the duty of an officer executing a warrant of attachment to determine at his peril that the property taken by him was not, and could not be, properly claimed as exempt. Upon that ground alone a verdict was directed for the plaintiff. The correctness of that ruling presents the only question necessary to be determined upon this appeal.

This ruling is sought to be sustained upon the ground that it was justified by the provisions of section 2909 of the Code of Civil Procedure, which provides that the constable must execute a warrant of attachment by levying upon the goods and chattels of the defendant "not exempt from levy and sale by virtue of an execution." In determining the effect to be given to this provision, it is necessary to briefly examine the provisions of the Code which relate to property exempt from execution.

Section 1390 provides that certain specified articles of personal property, when owned by a householder, shall be exempt.   Section 1391 provides that, "in addition to the exemptions allowed by the last section, necessary household furniture, working tools and team, professional instruments, furniture and library, not exceeding in value $250   *   *   *   are exempt from levy and sale by virtue of an execution when owned by a person being a householder or having a family for which he provides."   *   *   *   There are two classes of exemptions provided for by the statute.   One relates to certain articles which are specifically enumerated and absolutely exempted.   The other is limited to the sum of $250, and there may be claimed under it property of the kind mentioned in section 1391 to that amount, but to that amount only.   The latter exemption is limited and indefinite ; and where the debtor has property of that character of greater value than $250, it is dependent upon his election as to the particular property that may be retained by him as exempt.

Construing the provisions of section 2909 in the light of the provisions of sections 1390 and 1391, the inquiry presents itself whether the provision that a constable must execute an attachment by levying upon the property of the defendant not exempt from levy and sale under execution, in effect, forbids the officer to levy

upon any property that might be exempt under either section, or whether it relates only to the property specifically exempted by section 1390, and such as is claimed by the defendant or known to the officer to be exempt under section 1391. If it were to be held that an officer could not levy upon any property of the description mentioned in section 1391 without becoming liable to an action for its recovery, when no demand was made nor claim that it was exempt asserted by the owner, it would follow that all property of that character would be practically exempt from levy under an attachment, although it greatly exceeded in value the limit provided by that section. We think no such construction should be given to this statute.

If property consists of the articles mentioned in section 1390, it is absolutely exempt if the owner is a householder, and the officer has no right to levy upon it. If, however, the property is of the description mentioned in section 1391, the exemption is a qualified one and the debtor must claim it and notify the officer of his claim, before he can properly maintain an action, either for its conversion or to recover its possession, especially when there is other property to which such exemption might apply. In *Russell* v. *Dean* (30 Hun, 242), where a constable levied upon the only team owned by a debtor, who was a householder, and it did not appear what other property he then had, and where he did not, at the time of the levy or at any other time, claim it as exempt, it was held that he thereby waived any exemption he might have been entitled to under section 1391 of the Code. (See, also, *Turner* v. *Borthwick*, 20 Hun, 119; *Twinam* v. *Swart*, 4 Lans., 263; *Seaman* v. *Luce*, 23 Barb., 240; *Lockwood* v. *Younglove*, 27 id., 505; *Dains* v. *Prosser*, 32 id., 290; *Baker* v. *Brintnall*, 52 id., 188.)

We find nothing in the cases cited by the respondent in conflict with the views above expressed. In those cases the property was either absolutely exempt or known by the officer to be exempt when the levy was made. In this case the property was neither absolutely exempt nor known by the officer to be so, nor was it in any way claimed as exempt until this action was commenced. The plaintiff had property of the kind mentioned in section 1391, which was of the value of more than $250, besides that taken by the defendant, as to which he could as well have claimed an exemption under that

section.   Under these circumstances, we think it was error for the court to direct a verdict for the plaintiff, and for that error the judgment should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the County Court of Jefferson county reversed on the exceptions and a new trial ordered, with costs to abide the event.