### FINK *et al. v.* FRAENKLE.

(*City Court of New York, General Term.* April 24, 1891.)

EXECUTION—EXEMPTIONS—HOUSEHOLDERS.

The only exemptions from execution of personal property of a male judgment debtor, under the laws of New York, being those provided by Code Civil Proc. N. Y. § 1390, exempting certain articles of personal property, "when owned by a householder;" section 1391, exempting certain other articles "owned by a person being a householder, or having a family for which he provides;" and section 2463, exempting personal earnings of a judgment debtor for personal services within 60 days, when "necessary for the use of a family, wholly or partly supported by his labor," —a man who is not a householder, and has no family, is not entitled to any exemption.

Appeal from special term.

Action by Frederick W. Fink and others against Rudolph Fraenkle. Plaintiffs appeal from an order denying their motion to punish defendant, against whom they had recovered a judgment, execution on which had been returned unsatisfied, for refusing to deliver to a receiver, appointed in proceedings supplementary to execution against him, certain property owned by him.

· Argued before EHRLICH, C. J., and VAN WYCK, J.

*John B. Pannes,* for appellants.  *Herman Fox,* for respondent.

VAN WYCK, J.  The plaintiff issued an execution against the property of defendant, which was duly returned unsatisfied, whereupon he obtained an order in supplementary proceedings for the examination of defendant, and upon his examination the judgment debtor testified that he was a physician in active practice; lived at 115 Second street; was unmarried; had no children; and owned a set of furniture for his waiting room, a set for his bedroom, a library of about 200 volumes, and his surgical instruments; and that all his furniture was worth about $200, and the surgical instruments about $150; and that the books and office furniture were used by him in his business, and, though he does not so testify, it is to be presumed that he also used the instruments in his business. He made no attempt to show that he was a householder, or that he had a family or any person for whom he provided.

At common law neither a judgment debtor nor his family had any way of exempting any portion of his property from execution for his or their benefit, so that any privileges that he may now have in that direction must be sought for in the statutory law, and in this state the laws which exempt from execution the judgment debtor's personal property are to be found in the Code of Civil Procedure, § 2463, which exempts his earnings for personal service within 60 days, when "necessary for the use of a family, wholly or partly supported by his labor;" section 1390, which exempts certain articles of personal property therein enumerated, "when owned by a householder;" and section 1391, which exempts furniture, professional instruments, library, and certain other articles, not exceeding in value $250, "owned by a person being a householder, or having a family for which he provides." The judgment debtor in this case is left to the necessity of seeking and finding his justification for refusing to deliver his property to his receiver in these three sections of the Code.

Perhaps it would be well to state, in passing, that when the judgment debtor is a woman, she has, by section 1392, the same exemptions as a householder has under sections 1390 and 1391. The *consensus* of judicial thought is that the harsh rule of the common law, which stripped judgment debtors of everything except the clothes upon their backs, was mollified by statutory provisions, "as a protection for poor and destitute families," and "to mitigate the consequences of men's thoughtlessness and improvidence." Judge SELDEN, in the *Crawford Case,* in the supreme court, (9 How. Pr. 548,) says: "Although our statutes, exempting certain articles of prime necessity, belonging to householders, from levy and sale upon execution, were intended for the benefit of the entire family, and not of its head alone, still I entertain no doubt that the master of the family may waive the exemption." However, the court of appeals in the *Kneettle Case,* 22 N. Y. 249, has held that the householder cannot even waive the right of exemption, as it is for the benefit of the family for which he provides. In the *Kneettle Case* the execution was issued upon a judgment recovered on a promissory note containing this provision: "And I hereby waive and relinquish all right of exemption of any property I may have from execution on this debt;" and Judge DENIO in that case, writing in support of the contention that the right of exemption cannot be waived, reiterates the oft-repeated construction given to these statutes, as follows: "These exemption laws apply only to householders who have families for which they provide." All of this judicial reasoning goes to establish that only a householder's property is exempt; that a householder is the master of a household; and that a household is a family living together, however not necessarily wife and children, but it must be a family, small or large, for which he provides. This judgment debtor has not in any way shown himself a householder, or a man having a family for which he provides, and hence it

follows that he should have been forced to yield up his property to his receiver in order that it might reach his creditor, the plaintiff. The order appealed from must be reversed, with costs.