(15 Misc. Rep. 529.)

FIELD v. INGREHAM, Sheriff.

(Ontario County Court. January, 1896.)

1. CHATTEL MORTGAGE—FAILURE TO RECORD—VALIDITY.

> An unrecorded chattel mortgage, on property which remains in the possession of the mortgagor, is void, as against an existing contract creditor of the mortgagor, though the property is such as might be claimed by the mortgagor as exempt.

2. EXECUTION—WHEN IT BECOMES A LIEN—EXEMPTIONS.

> The delivery of an execution to a sheriff, to be executed, binds goods and chattels of the judgment debtor, as against a claim under an unrecorded

chattel mortgage, though the property is such as might be exempt to the debtor under Code Civ. Proc. § 1391, providing for the exemption to a householder, or one having a family, of certain kinds of property, to a value not exceeding $250, as such exemption does not attach to any particular property until it is claimed and selected.

Action by Henry M. Field against Avery Ingreham, as sheriff, to foreclose a chattel mortgage on property in the hands of the defendant under an execution. Judgment for defendant.

Frank Rice and H. M. Field, for plaintiff.
Clement & Scott, for defendant.

METCALF, J. This action is brought to foreclose a chattel mortgage given by Edward J. Bull to the plaintiff on the 17th day of March, 1894, and filed in the proper clerk's office on the 3d day of May, 1894. The defendant, as sheriff of Ontario county, received an execution against said Bull on the 2d day of May, 1894, in favor of A. P. Tuller and J. E. Barnard, copartners, and on the 4th day of May, 1894, took the property described in said chattel mortgage into his possession, where it was subsequently attached by the plaintiff in this action, and sold by the coroner, upon which was realized $97.50, the expenses being $14.92, leaving $82.58 as the net proceeds of the sale, now in the hands of the coroner. No change of possession of the mortgaged property followed the delivery and execution of the mortgage, and the plaintiff's claim and sole right to recover herein is based upon the said chattel mortgage. The defendant claims that the chattel mortgage was invalid, and was absolutely void as against the creditors of the mortgagor, as it was not filed for some 47 days after it was executed and delivered. Tuller & Barnard became judgment creditors of Bull on the 2d day of May, 1894. They were contract creditors of Bull from the 23d of November, 1893, long prior to the making and delivery of the chattel mortgage to the plaintiff on the 17th day of March, 1894.

The statute requiring the filing of chattel mortgages has been frequently construed to mean that the failure to file a chattel mortgage where there was no change of possession of the mortgaged property renders the mortgage absolutely void as to the existing contract creditors. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Vreeland v. Pratt (Sup.) 17 N. Y. Supp. 307. The plaintiff contends that, even this being so, the chattel mortgage covered only exempt property, which consisted of horses, wagons, and harnesses, and was not liable to any debt of his creditors, unless such exemption was actually waived, and no waiver could be made by the mortgagor which would affect the rights of his mortgagee, and, the mortgage being good as between the mortgagor and mortgagee, the failure to file could not affect the rights of the mortgagor's creditors, as they had no right or interest in exempt property. It has been repeatedly decided that the right to exemption from execution is a personal right, which must be asserted by the execution debtor. Smith v. Hill, 22 Barb. 656; Russell v. Dean, 30 Hun, 242. The plain-

tiff claims that, by section 1405 of the Code of Civil Procedure,[1] personal property "not exempt" by express provision of law, etc., is bound by the execution; that therefore, this being exempt property, it could not be bound by execution, and the lien of the chattel mortgage could be declared without the filing, as against the rights of such execution creditor.     In Wilcox v. Howe, 59 Hun, 268, 12 N. Y. Supp. 783, the plaintiff's horse and wagon were levied upon by virtue of a warrant of attachment under section 2909, Code Civ. Proc., which provides "that the constable must execute a warrant of attachment by levying upon the goods and chattels of the defendant not exempt from levy and sale by virtue of an execution."     Judge Martin, in his opinion, at page 270, 59 Hun, page 783, 12 N. Y. Supp., says:

"There are two classes of exemptions provided for by the statute.     One relates to certain articles which are specifically enumerated and absolutely exempted.     The other is limited to the sum of $250, and there may be claimed under it property of the kind mentioned in section 1391 to that amount, but to that amount only.     The latter exemption is limited and indefinite, and where the debtor has property of that character, of greater value than $250, it is dependent upon his election as to the particular property that may be retained by him as exempt.     Construing the provisions of section 2909 in the light of the provisions of sections 1390 and 1391, the inquiry presents itself whether the provision that a constable must execute an attachment by levying upon the property of the defendant not exempt from levy and sale under execution, in effect, forbids the officer to levy upon any property that might be exempt under either section, or whether it relates only to the property specifically exempted by section 1390, and such as is claimed by the defendant, or known to the officer, to be exempt under section 1391.     If it were to be held that an officer could not levy upon any property of the description mentioned in section 1391 without becoming liable to an action for its recovery, when no demand was made, nor claim that it was exempt asserted by the owner, it would follow that all property of that character would be practically exempt from levy under an attachment, although it greatly exceeded in value the limit provided by that section.     We think no such construction should be given to this statute.     If the property consists of the articles mentioned in section 1390, it is absolutely exempt, if the owner is a householder, and the officer has no right to levy upon it.     If, however, the property is of the description mentioned in section 1391, the exemption is a qualified one, and the debtor must claim it, and notify the officer of his claim, before he can properly maintain an action, either for its conversion, or to recover its possession, especially when there is other property to which such exemption might apply."

For these reasons the plaintiff's contention is untenable, and I am constrained to hold that the plaintiff's chattel mortgage was void, as to the defendant and the creditors under whom he claims, by reason of the plaintiff's failure to file the same as required by the statute. The defendant is therefore entitled to judgment dismissing the plaintiff's complaint, with costs, and directing the payment of the sum of $32.58, the proceeds of the sale of said mortgaged property now in the hands of the coroner.     Ordered accordingly.

[1] Code Civ. Proc. § 1405, provides that the goods and chattels of a judgment debtor, not exempt by express provision of law, shall be bound by an execution from the time of the delivery thereof to the proper officer to be executed.