# THE

# New York Supplement

## VOLUME 49,

AND

# New York State Reporter,

## VOLUME 83.

(24 App. Div. 605)

### SHULL v. KING et al.

(Supreme Court, Appellate Division, Third Department.   January 20, 1898.)

1. EXEMPTIONS—PROPERTY PURCHASED BY PENSION MONEY—EVIDENCE.
    A person claiming real estate as exempt from execution, because pur-
chased by pension money, must prove such right, as inspection of the
property or of the records will not determine whether it is exempt or not.
2. SAME—QUESTION NOT TRIABLE ON MOTION—TRIAL BY JURY.
    Where defendant in execution claimed that certain real estate levied
on, and which he had conveyed to his wife, was exempt, because it had
been purchased by pension money, and plaintiff in execution disputed
such alleged facts, protested against the determination of such question
by affidavits on motion, and demanded a jury trial, and also made a show-
ing that the grantee was not the defendant's wife, the questions presented
should not be determined by ex parte affidavits, and on motion, as either
party has the right to a determination thereof by common-law evidence.

Appeal from Fulton county court.

Motion by Carrie King and Amos King to set aside the levy of an
execution, and to enjoin a sale thereunder, on a judgment in an ac-
tion wherein Alfred W. Shull was plaintiff and they were defend-
ants, on the alleged ground that the property levied on was pur-
chased by pension money of said Amos, and was therefore exempt
from such process, and had been conveyed by him to his wife, said
Carrie, which motion was supported by the separate affidavits of de-
fendants in execution.   Plaintiff in execution, opposing said motion,
protested that the court had no jurisdiction to issue an injunction
on affidavits alone as its foundation, denied specifically the facts set
out in the supporting affidavits, alleged his right to have the several
questions so raised determined by a jury, and demanded a trial there-

of, by jury, in a proper action, on common-law proof, supporting his contention by the separate affidavits of himself and another. From an order enjoining the sale of the property in question, and setting aside the levy thereon, plaintiff in execution appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Andrew J. Nellis, for appellant.
Clarence W. Smith, for respondents.

HERRICK, J. No question is raised before us but what real estate purchased with pension money, and owned by a pensioner, his wife, or widow, is exempt from levy and sale on execution. The question for determination here is as to whether that exemption can or should be enforced upon motion and by order.

In the case of Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, the execution was stayed by an order of the county court in the same manner as has been done in this case, but in that case there seems to have been no controversy as to the facts, and a pure question of law upon such facts was presented to the court, and no question was raised as to the authority or jurisdiction of the court to make the order staying the execution and setting aside the levy, so that that case is not an authority upon the question involved here. There is no doubt that courts of original jurisdiction have authority to stay executions for the purpose of preventing oppression, or to stop an abuse of the process of the court, or to stay proceedings to enforce a judgment when the defendant in such judgment has been discharged from the debt or cause of action which resulted in the judgment and execution, particularly when such discharge or release has occurred at too late a period to permit its being pleaded as a defense to the action, as in cases where a debtor has been discharged by bankruptcy or insolvency proceedings. Cornell v. Dakin, 38 N. Y. 253; Monroe v. Upton, 50 N. Y. 593; Palmer v. Hutchins, 1 Cow. 42.

Ordinarily, it may be said that a court of original jurisdiction has control over its own process, of whatever nature, which control it will exercise in proper cases. Whether that is true to its full extent of a court of limited jurisdiction, like the county court, I will not at this time stop to discuss, because it seems to me that, in this particular case, it is unnecessary to decide that question in order to dispose of this appeal. An application to the court to control its process, to prevent abuses or oppression, or by a defendant to avail himself of the discharge in bankruptcy or insolvency, has been permitted to be made by motion; but where it is claimed that a wrongful levy has been made, or that a levy has been made upon property not belonging to the defendant in the action, or where controverted questions of title have arisen, the party claiming to be aggrieved has been left to his remedy by action. An examination of the cases will show that, ordinarily, exemptions have been enforced by notifying the sheriff that the defendant in the execution claims the property levied upon to be exempt from levy and sale on execution; and if, notwithstanding such notice and protest, the sheriff proceeds to sell, the party

claiming exemption has resorted to an action for damages because of such wrongful sale, or to an action to restrain the sale, or an action to recover the property. Griffin v. Sutherland, 14 Barb. 456; Twinam v. Swart, 4 Lans. 263; Wilcox v. Howe, 59 Hun, 268, 12 N. Y. Supp. 783; Buffum v. Forster, 77 Hun, 27, 28 N. Y. Supp. 285.

The case of Wilcox v. Howe was a case where exemption was claimed under section 1391 of the Code of Civil Procedure, the property being a horse and wagon. The court held that, as to the exemptions contained in section 1390, the officer has no right to make a levy upon them, and that, as to the exemptions mentioned in section 1391, the exemption is a qualified one, and the person desiring it must claim it, and notify the officer of his claim. The exemptions set forth in section 1390 are of specific articles named, that the officer can easily determine and identify by inspection. The exemptions contained in section 1391 need something more than a mere inspection of the articles themselves to determine whether they are exempt or not. So, of real estate purchased by pension money, a mere inspection of the property or of the records will not determine whether it is exempt or not. A person claiming an exemption must prove it. Griffin v. Sutherland, 14 Barb. 456; Twinam v. Swart, 4 Lans. 263.

I can see no reason for adopting one rule for enforcing one class of exemptions, and another rule for another class or kind. The case of Buffum v. Forster was a case where the plaintiff brought an action to enforce a pension exemption. In that case the question was raised that the plaintiff's remedy was by motion in the original action, and the case of Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, was cited as authority to that effect; but the court held that the question was not raised or considered in that case, and held that the plaintiff might resort to an action to obtain the relief he sought; that the judgment recovered against him was an apparent lien upon his real estate, and his right to exempt was dependent upon facts extrinsic of that action; and that, "in order to relieve his real estate from that judgment, he must establish as facts that he was a pensioner, and that the real estate was purchased with his pension money. His claim in this regard may be controverted, and we think he has the right to have this question tried and determined upon common-law evidence, and that he is not bound to have it disposed of in a motion upon ex parte affidavits."

If the party claiming the exemption has the right to have the question tried and determined upon common-law evidence, I do not see why the adverse party does not possess the same right. In the case before us, the plaintiff in the execution asserted that right, and, when the motion came on to be heard, challenged and disputed the facts upon which the defendant claimed the exemption, he protested against the court's determining the question by affidavits upon motion, and demanded that the question should be determined by a jury in an action. He also set forth, by affidavits, facts from which it might be inferred that the defendant Carrie King was not the wife of the defendant Amos King.

The questions presented, it seems to me, are questions that should not be determined by ex parte affidavits and upon motion; that the

plaintiff has the right, as has the defendant, to have the questions of fact presented determined by common-law evidence; and that, therefore, the order appealed from should be reversed, with $10 costs and disbursements of this appeal, and the motion denied, with $10 costs. All concur.