GILEWICZ v. GOLDBERG, City Marshal.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. EXEMPTIONS—WAIVER—FAILURE TO CLAIM.

Under Code Civ. Proc. § 1391, providing that, in addition to exemptions elsewhere allowed, working tools and teams, etc., shall be exempt when owned by a person, being a householder or having a family, except in certain cases, the exemption is a personal privilege, and must be claimed by the party entitled thereto before the property is sold on execution, or it will be waived.

2. SAME—BURDEN OF PROOF.

In a suit against an officer to recover property levied on by him, the burden is on plaintiff to show that it is exempt, and that he has asserted his rights under the law.

Appeal from municipal court, borough of Brooklyn, Third district.

Action by Constantine Gilewicz against David Goldberg, one of the city marshals of the city of New York. Judgment dismissing complaint, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John P. Donnelly, for appellant.
David Hirshfield, for respondent.

WOODWARD, J. Nathan Bockschitsky recovered a judgment against the plaintiff in this action in the municipal court for groceries sold and delivered. An execution was duly issued pursuant to said judgment to the defendant, a city marshal, who levied upon a certain horse, harness, and wagon. The plaintiff thereupon brought this action to recover a horse, harness, and wagon, on the ground that the said property was exempt from levy and sale. Upon the trial the learned court decided that the plaintiff had failed to establish a cause of action, and dismissed the complaint, with $10 costs. From the judgment entered appeal comes to this court.

The judgment should be affirmed. The plaintiff's evidence fails to show that the plaintiff made any claim of exemption to the officer, or that he made a demand upon the officer for the return of the property on the ground of an exemption, and we are of the opinion that an exemption, under the provisions of section 1391 of the Code of Civil Procedure, is a privilege, and must be claimed by the party entitled to it at some time before the property is sold, or it will be deemed to have been waived. Russell v. Dean, 30 Hun, 242; Field v. Ingreham,

15 Misc. Rep. 529, 37 N. Y. Supp. 1135; Wilcox v. Howe, 59 Hun, 268, 12 N. Y. Supp. 783; In re King, 24 App. Div. 605, 607, 49 N. Y. Supp. 1; Twinam v. Swart, 4 Lans. 263. The burden of proof was upon the plaintiff to show that the property was exempt, and that the plaintiff had asserted his rights under the law. Knapp v. O'Niell, 46 Hun, 317. Having failed to produce the evidence to support the cause of action alleged, this court is in no position to grant further rights to the appellant. If the property has not been sold, he may still assert his claim for exemption properly, and endeavor to establish his right in another action.

The judgment appealed from should be affirmed, with costs. All concur.