CONSTANTINE GILEWICZ, Appellant, v. DAVID GOLDBERG, One of the City Marshals of the City of New York, Respondent.

*Exemption from sale under execution — it must be claimed before sale.*

In an action against a marshal to recover property which the marshal seized under an execution against the plaintiff, and which the plaintiff claimed was exempt under section 1391 of the Code of Civil Procedure, it is incumbent upon the plaintiff to show that the property was exempt and that he claimed such exemption at some time before the property was sold, or it will be deemed to have been waived.

APPEAL by the plaintiff, Constantine Gilewicz, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendant, entered on the 31st day of October, 1901, dismissing the plaintiff's complaint.

*John P. Donnelly* [*K. Q. McDonald* and *M. V. McDonald* with him on the brief], for the appellant. ·

*David Hirshfield,* for the respondent.

WOODWARD, J.:

Nathan Bockschitsky recovered a judgment against the plaintiff in this action in the Municipal Court for groceries sold and delivered. An execution was duly issued pursuant to said judgment to the defendant, a city marshal, who levied upon a certain horse, harness and wagon. The plaintiff, thereupon, brought this action to recover a horse, harness and wagon, on the ground that the said property was exempt from levy and sale. Upon the trial the learned court decided that the plaintiff had failed to establish a cause of action and dismissed the complaint, with ten dollars costs. From the judgment entered appeal comes to this court.

The judgment should be affirmed. The plaintiff's evidence fails to show that the plaintiff made any claim of exemption to the officer, or that he made a demand upon the officer for the return of the property on the ground of an exemption, and we are of the opinion that an exemption under the provisions of section 1391 of the Code of Civil Procedure is a privilege and must be claimed by the party entitled to it at some time before the property is sold, or it will be deemed to have been waived. (*Russell* v. *Dean,* 30 Hun, 242; *Field* v. *Ingreham,* 15 Misc. Rep. 529; *Wilcox* v. *Howe,* 59 Hun, 268; *Matter of King,* 24 App. Div. 605, 607; *Twinam* v. *Swart,* 4 Lans. 263.) The burden of proof was upon the plaintiff to show that the property was exempt and that the plaintiff had asserted his rights under the law. (*Knapp* v. *O'Neill,* 46 Hun, 317.) Having failed to produce the evidence to support the cause of action alleged, this court is in no position to grant further rights to the appellant. If the property has not been sold, he may still assert his claim for exemption properly and endeavor to establish his right in another action.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.