William R. Brennan, Jr., J.
The defendant moves to enjoin the Sheriff from proceeding with an execution sale under two judgments obtained by the respective plaintiffs. The defendant is a dentist operating an office apart from his home. The property levied upon consists of two dental chairs, X-ray equipment, a desk, benches, cabinets and related items involved in the dental practice conducted by the defendant. Upon the argument it was agreed that all of the property affected by the levy has a value of approximately $1,155.
The debtor asserts that the affected property is subject to a chattel mortgage, duly filed, originally in the sum of $1,200 on which about $800 is still due. The existence of this mortgage of record is not disputed. Debtor also claims that a large part of the equipment is the subject of a conditional bill of sale but avers that he does not know whether it was filed or not. It is unnecessary to determine the validity of either instrument upon this application.
*46 The debtor invokes an exemption under section 665 of the Civil Practice Act. That section provides that certain personal property ‘ ‘ when owned by a householder is exempt from levy and sale by virtue of an execution and subdivision 7 thereof includes “professional instruments, furniture and library, not exceeding in value six hundred dollars ”. A householder is “ The master or head of a family;' one who occupies a house or separate tenement with his family or alone ” (Webster’s New International Dictionary [2d ed.]; Fink v. Fraenkle, 14 N. Y. S. 140, 141). It appears that the debtor whose property has been levied upon is married and resides with his wife in one household. Section 665 is the governing exemption statute and not section 666 (which provides for a lower exemption) as contended by the judgment creditors.
The remaining question is whether property having a value in excess of the exemption amount may be sold if the equity of the debtor therein is less than $600. The interest of the judgment debtor in personal property subject to levy which is the subject of a chattel mortgage or conditional bill of sale may be sold (Civ. Prac. Act, § 688). It has already been noted that the exemption statute relates the exemption to the value of property, not to the debtor’s equity of redemption therein. In order to give effect to both of the cited sections, it is held that the exemption afforded by section 665 applies to so much of the property levied upon as has a value not in excess of $600. The burden of proof of establishing that such items as are claimed to be exempt are in fact exempt is upon the judgment debtor (Gilewicz v. Goldberg, 69 App. Div. 438). The remaining items of property may be sold to the extent of the debtor’s equity therein. This disposition is made without prejudice to the rights of any of the parties or of the Sheriff in any plenary suit arising out of any contested issue of fact (cf. Matter of King, 24 App. Div. 605).