## (January 25, 1968)

In the Matter of JACK J. WEISER, Petitioner, and FRANCISCA CASTRO, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and JUDITH HARLAN, Appellant.— Judgment unanimously reversed, on the law, and the petition herein is dismissed, without costs or disbursements. This proceeding was commenced to procure an order directing the Board of Elections of the City of New York to hold a new primary election for the party office of female district leader. The proceeding was brought on by an order to show cause returnable July 5, 1967 signed on June 30, 1967 pursuant to the provisions of subdivision 2 of section 330 of the Election Law. It is provided by section 335 of the Election Law that a special proceeding of this character shall be heard "upon such notice * * * as the court, justice or judge shall direct". The order to show cause herein provided that appellant could be served personally if served on or before June 30, 1967, "or by enclosing a copy thereof in a securely wrapped and duly postpaid wrapper addressed to said respondents [Humberto Aponte and appellant Judith Harlan] at their respective places of residence set forth in their nominating petition, and depositing same in a branch office or post office box within the City of New York on or before the aforesaid date, or by leaving a copy thereof at their respective places of residence with a person of suitable age and discretion *connected with their respective households.*" (*Italics supplied*). Appellant was not served personally. Copies of the order to show cause were mailed on the afternoon of June 30, 1967, by regular mail, and received July 1, 1967. The mailing of a copy of the order on the last permissible day was insufficient to institute the instant proceeding. In short, service by mail must be completed within the 10-day period required by subdivision 2 of section 330 of the Election Law. Here the primary involved was held on June 20, 1967. Consequently, the service by mail was one day late and ineffective. It is well established that the time limits set forth in section 330 of the Election Law are jurisdictional so that if this proceeding was not instituted by 12 o'clock midnight on the night of June 30, 1967 the petition would have to be dis-

missed. Accordingly, that leaves for consideration only that part of the order to show cause which permitted service by leaving a copy at the place of residence "with a person of suitable age and discretion connected with their respective households." Service upon the landlord of appellant who lives in an apartment below that of appellant did not constitute compliance with the order even assuming that service upon the landlord was in fact effectuated (notwithstanding acceptance by the process server of the return of the papers from the landlord). Members of a "household" are "'Those who dwell under the same roof and compose a family'". (*Lafrinz* v. *Whitney*, 233 N. Y. 107, 112; 136 A. L. R. 1505.) Even if the term "household" were to be extended to others such as servants or a boarder living in the same house it cannot be strained to include appellant's landlord. (See, *Island* v. *Firemen's Fund Ind. Co.*, 30 Cal. 2d 541.) Under these circumstances it is required that the petition be dismissed for failure to acquire jurisdiction. Concur — Eager, J. P., Capozzoli, Tilzer, McGivern and Rabin, JJ.