HON. GERALD O. WILLIAMS County Attorney, Genesee County
This is in response to your letter of January 12, 1976, wherein you ask for our opinion as to whether a single male living by himself in an apartment is entitled to a householder's exemption under CPLR 5205(a), or whether he can only qualify under CPLR5205(b) as a male non-householder.
You state that the sheriff has been asked to execute against the furniture of the single male which is now in storage.
CPLR 5205(a) provides, in part:
 "The following personal property when owned by a woman or householder is exempt from application to the satisfaction of a money judgment except where the judgment is for the purchase price of the exempt property or was recovered by a domestic * * *.
* * *
 "5. all wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, crockery, tableware and cooking utensils necessary for the judgment debtor and the family;" (Emphasis supplied.)
CPLR 5205(b) provides, in part:
 "The following personal property when owned by a male person who is not a householder is exempt from application to the satisfaction of a money judgment * * *."
The sole question presented is whether or not a single male living alone in an apartment can qualify as a householder.
In Tuckman v. Hayward (Sup.Ct., Special Term, Nassau County), 204 N.Y.S.2d 655; 26 Misc.2d 45, the Court stated:
 "A householder is `the master or head of a family; one who occupies a house or separate tenement with his family alone' (Webster's New International Dictionary, 2d Ed.; Fink v. Fraenkle, City Ct., 14 N.Y.S. 140, 141). * * *"
In Fink v. Fraenkle (City Court of New York, General Term), at page 141, the Court stated:
 "All of this judicial reasoning goes to establish that only a householder's property is exempt; that a householder is the master of a household; and that a household is a family living together, however not necessarily wife and children, but it must be a family, small or large, for which he provides. * * *" (Emphasis supplied.)
An examination of the following cases discloses that there is no precise definitions of household or householder, each having different meanings in different circumstances; however, in each and every case more than one single male person was involved although their relationships differed. (People v. Allen,27 N.Y.2d 108; Weiser v. Power, 29 A.D.2d 640; Potter v.Dugan, 37 Misc.2d 652; People v. James, 55 Misc.2d 953.) It should also be noted that the statute itself makes reference to family (CPLR 5205[a][5]).
From all of the foregoing, we conclude that a single male living alone in an apartment is not entitled to the exemptions as provided for in CPLR 5205(a), but is entitled to the exemptions provided for in CPLR 5205(b).