■    In the Matter of ELI WAGER, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. In the Matter of ANGELO D. RONCALLO et al., Respondents, v SECRETARY OF STATE OF THE STATE OF NEW YORK et al., Respondents, and ELI WAGER et al., Appellants.—In consolidated proceedings to (1) invalidate the nominations of the Conservative Party to Angelo D. Roncallo, Howard E. Levitt, John H. Mulvehill, John J. Stewart and Anthony R. Bellofatto for the public office of Justice of the Supreme Court, Tenth Judicial District, and (2) validate the Conservative Party nominations of Angelo D. Roncallo and Howard E. Levitt for the said office, the appeal is from a judgment of the Supreme Court, Suffolk County, dated October 7, 1977, which, after a hearing, dismissed the proceedings (the petition of petitioner Wager was dismissed on the merits and the petition of petitioners Roncallo and Levitt were dismissed as academic in the light of the determination in the Wager proceeding). Judgment reversed, on the law, without costs or disbursements, petition to invalidate the said nomination granted and petition to validate dismissed on the merits. The following facts were stipulated by counsel for the respective parties. On July 7, 1977, the deadline date for the filing of designating petitions, no designating petitions in the usual form were filed with the Suffolk County Board of Elections for Conservative Party delegates to the Conservative Party Judicial Convention in the Tenth Judicial District. On August 1, 1977 the Suffolk County Board of Elections certified to the State Board of Elections, by letter, the names of all persons named in Suffolk County for all public offices and that no names were included for delegates or alternates to the Conservative Party Judicial Convention in the Tenth Judicial District. There are 21 assembly districts in the entire Tenth Judicial District, of which the 1st through 9th assembly districts are all in Suffolk County, the 10th assembly district is partly in Nassau and partly in Suffolk County and the 11th through 21st assembly districts are all in Nassau County. There is no dispute as to the validity or number of delegates in Nassau County to the Conservative Party Convention; the issue pertains only to delegates in Suffolk County. In August, 1977 the State Board of Elections certified to the Nassau and Suffolk Boards of Elections that the maximum number of delegates for the Conservative Party for the Tenth Judicial District was 84. On August 25, 1977 the New York State Conservative Party, by its executive director, Serphin R. Maltese, sent to the Suffolk County Board of Elections Conservative Party authorizations for Conservative Party delegates to the Tenth Judicial District Conservative Party Convention listing the names of 20 delegates and 20 alternates. On September 1, 1977 the Suffolk County Board of Elections wrote to Mr. Maltese, stating that it could not certify four of the individuals, two delegates and two alternates, named in the certificate of Mr. Maltese, but that letter was silent as to anyone else. On September 2, 1977 the New York

State Board of Elections sent a notice to Mr. O'Leary (petitioner in a related proceeding which has apparently been abandoned), chairman of the Nassau Conservative Committee and permanent chairman of the Conservative Party Judicial Convention for the Tenth Judicial District, enclosing certification of all delegates, but not including any delegates from Suffolk County. On Primary Day, September 8, 1977, there were no contests for judicial delegates in any party in either Nassau or Suffolk County, no names for delegates to any judicial convention appeared on any ballots in either county and there was no provision for any write-ins. Between September 9, 1977 and September 12, 1977 the Suffolk County Board of Elections issued certificates to 18 delegates and 18 alternates. Similar certificates were issued to the Nassau delegates and alternates. On September 21, 1977 the Conservative Party Judicial Convention for the Tenth Judicial District was held. A copy of the minutes of that convention shows a roll call vote of 51 persons participating. It is uncontested that 41 delegates were properly certified from Nassau County. The minutes of the Conservative Party Judicial Convention for the Tenth Judicial District were filed timely with the State Board of Elections. Petitioner Wager timely filed objections with the State Board of Elections as to the Conservative Party candidates and the validity of the Conservative Party convention. There is no jurisdictional obstacle to the institution of the invalidation proceeding. Subdivision 2 of section 330 of the Election Law provides that a proceeding relating to a convention must be instituted within 10 days of such convention. The Conservative Party Judicial Convention was held on September 21, 1977. The order to show cause was signed on September 28, 1977. The court permitted service to be made by certified mail on or before September 30, 1977. The parties do not contest the effectiveness of service upon any of the respondents with the exception of Mr. Bellofatto. It was stipulated that if respondent Bellofatto were called, he would testify that on October 1, 1977 he found a notice from his local post office in his mailbox which advised him to go to the post office to pick up certified mail which was attempted to be delivered on October 1 and that on October 3 he picked up such mail as the post office was closed on October 1. This situation was beyond the control of petitioner Wager. Thus the service of all papers on the necessary parties was made within the statutory period (cf. *Matter of Weiser v Power*, 29 AD2d 640). Addressing outselves to the merits, subdivision 2 of section 132 of the Election Law provides that a judicial district convention shall be constituted by the election of delegates at the proceding primary. We construe such language to mean, in this case, the primary election held on September 8, 1977. Since no designating petitions were filed by the Conservative Party for delegates to the Judicial Convention from Suffolk County, no such delegates could be duly elected during the primary. We find no authority, nor is there any supplied by the respondents, to convince us that certification by the Suffolk County Board of Elections of the approved nominees for delegates by the executive director of the New York State Conservative Party would be a valid alternative procedure for acquiring delegates. The respondents refer us to language contained in subdivision 2 of section 132 of the Election Law, which provides the following: "When a duly elected delegate does not attend the convention, his place shall be taken by one of the certified alternates, if any, to be substituted in his place, in the order in which the name of such alternate appears upon the certified list, and if no alternates shall have been elected or if no alternates appear at such convention, then the delegates present from the same unit of representation shall select a person to fill the vacancy." This provision is applicable only in a situation where

there are vacancies of duly elected delegates. There were no elected Conservative Party delegates from Suffolk County to the Tenth Judicial District Convention. Consequently, the 18 certified delegates were not validly authorized to act as such. The Conservative Party Judicial Convention for the Tenth Judicial District consisted of only duly elected delegates from Nassau County. This is insufficient to constitute a quorum. A quorum requires a majority of the maximum number of delegates. In this case a quorum would require 43 delegates. Without a quorum the action of the convention is not effective. Consequently, the nomination of the five Conservative Party candidates for the office of Justice of the Supreme Court for the Tenth Judicial District are invalid. Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.