(October 21, 1987)

■ In the Matter of JOHN D. MEADER, Appellant, v MELVIN S. BARASCH et al., Constituting the New York State Board of Elections, et al., Respondents. (And Another Related Proceeding.)—Per Curiam. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 14, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the

certificate of nomination naming petitioner as the Democratic candidate for the office of Justice of the Supreme Court, Fourth Judicial District, in the November 3, 1987 general election.

Petitioner was purportedly nominated at a judicial nominating convention as the Democratic Party candidate for the office of Justice of the Supreme Court for the Fourth Judicial District. Objections to the certificate of nomination were filed with the State Board of Elections by respondent Barry D. Kramer, who was enrolled in the Democratic Party and who resided in the Fourth Judicial District. Specifically, it was contended that petitioner did not reside at the address indicated on the certificate of nomination and that there was not a quorum of delegates present at the convention. The Board did not decide the residence argument on the merits. However, it found that a quorum was not present and, accordingly, determined that the certificate of nomination was invalid. Petitioner commenced the instant proceeding pursuant to Election Law § 16-102 to declare the certificate of nomination valid. Supreme Court dismissed the petition and petitioner now appeals.*

Initially, petitioner contends that the Board denied him due process because he was not given an opportunity to appear before the Board prior to its decision. The general objections were received by the Board on October 2, 1987 and the specifications were received on October 5. There is no question that the filing of objections was timely. October 5 was the last date by which the Board had to certify candidates. Thus, the Board's Executive Director admitted that there was insufficient time to notify petitioner before the Board ruled on the objections. Kramer's attorney was present in connection with another matter before the Board and also appeared regarding this matter. The Board concluded that, since no hearing was required and the decision could be made from the face of documents on file with the Board, it would pass on the objections without hearing from petitioner. In our view, this procedure did not deny petitioner due process. The Board received timely specifications to objections and, on that same date, was required by statute to certify candidates (Election Law § 4-112 [1]). Thus, there was no time for a hearing.

---

* Kramer also commenced a proceeding pursuant to Election Law § 16-102, presumably seeking to litigate the residence issue. Such proceeding was dismissed by Supreme Court as moot. No appeal was taken from such dismissal.

Further, the Board held, and petitioner does not dispute, that there was no statutory requirement for a hearing (see, Election Law § 6-154). The question of whether a quorum was present, which was the objection at issue before the Board, could be passed upon reference to documents on file with the Board. Additionally, while petitioner may not have had an opportunity to make an oral or written appearance before the Board, he had a statutory process for judicial review which he, in fact, took advantage of (Election Law § 16-102). Since the issue is one of statutory construction, Supreme Court had the authority to annul the Board's decision if petitioner could establish that the determination was legally incorrect. The availability of such judicial review guaranteed petitioner due process.

Turning to the merits, petitioner contends that the Board erred in holding that a quorum was not present at the nominating convention. It is conceded that 67 delegates were eligible to participate at the convention. A majority of these was necessary for a quorum (Election Law § 6-126 [1]). Thus, the convention could not transact business unless at least 34 delegates were present (see, Matter of Wager v New York State Bd. of Elections, 59 AD2d 729, 731, affd 42 NY2d 1100). The minutes of the nominating convention indicate that 20 delegates voted for petitioner and 7 voted for another individual. The Board concluded that only 27 delegates were present, which is insufficient for a quorum. Petitioner points out that the minutes of the convention, along with affidavits of two delegates who were present, state that a quorum was present. While none of these documents states the actual number of delegates present, petitioner asks that a presumption of regularity be applied to the minutes of the convention. In opposition, Kramer offered no direct proof that less than a majority of eligible delegates was present, but relied on the fact that only 27 votes were cast as circumstantial proof.

The statute provides specific rules for the conduct of judicial nominating conventions. Election Law § 6-126 (2) states in pertinent part that: "When more than one candidate is placed in nomination for an office the roll of the delegates shall be called and each delegate when his name is called shall arise in his place and announce his choice". The statute goes on to state that the "permanent officer shall keep the records of the convention" (Election Law § 6-126 [2]). Thus, we cannot agree with petitioner's suggestion that the fact that only 27 votes were cast is not indicative of the number of delegates actually present. Where two or more candidates are involved, the

statute contemplates that each delegate will be called and either vote or abstain, or perhaps cast a "no vote" *(see, e.g., Matter of Monroe v New York State Bd. of Elections,* 35 NY2d 738), and that each such action will be recorded. In the instant case, the minutes of the convention indicate that 20 delegates voted for petitioner and 7 voted for another candidate. The minutes did not record any abstentions or "no votes". Thus, it must be concluded that only 27 delegates were present. Since that number did not constitute a quorum, the certificate of nomination was properly declared to be invalid.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss and Yesawich, Jr., JJ., concur.