In the Matter of NANCY WILSON et al., Respondents, v LENORE S. DAVIS, Appellant, et al., Respondents. [15 NYS3d 438]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Lenore S. Davis as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Democratic Party as its candidate for the public office of Surrogate, County of Nassau, Lenore S. Davis appeals from a final order of the Supreme Court, Nassau County (J. Emmett Murphy, J.), entered August 14, 2015, which granted the petition to invalidate the designating petition.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court properly held that the appellant cannot challenge the determination of the Nassau County Board of Elections (hereinafter the Board of Elections) invalidating certain signatures on the designating petition. "A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later" (Election Law

§ 16-102 [2]). Here, the last day to commence a proceeding to validate or invalidate the designating petition was July 9, 2015 (*see* Election Law § 6-158). The instant proceeding to invalidate the designating petition was timely commenced by the petitioners, but the appellant failed to commence a proceeding to validate the designating petition at any point. The appellant made an oral application to the Supreme Court in the instant proceeding, challenging the Board of Elections' determination invalidating certain signatures. Contrary to the appellant's contention, her challenge was not properly raised, as her oral application did not follow the procedure to validate a designating petition as prescribed in Election Law § 16-102 (2). Moreover, in her answer to the petition to invalidate the designating petition, the appellant failed to assert any affirmative defense as to the validity of any signatures. Therefore, the Supreme Court properly declined to validate those signatures which had been declared invalid by the Board of Elections (*see Matter of Rodriguez v Nieves*, 242 AD2d 350 [1997]; *Matter of Krueger v Richards*, 93 AD2d 898, 898-899 [1983], *affd* 59 NY2d 680 [1983]).

Contrary to the appellant's contention, she was not entitled to receive notice of the specific objections before the Board of Elections made its determination, inasmuch as the Board of Elections has not adopted a rule requiring such notice (*see* Election Law § 6-154; *Matter of Grancio v Coveney*, 60 NY2d 608, 610 [1983]; *Matter of Iocovozzi v Herkimer County Bd. of Elections*, 76 AD3d 797, 798 [2010]; *cf. Matter of Zalocha v Donovan*, 120 AD3d 994, 995 [2014]).

Moreover, contrary to the appellant's contention, she was not entitled to have an opportunity to be heard before the Board of Elections concerning her position on the specific objections (*see Matter of Iocovozzi v Herkimer County Bd. of Elections*, 76 AD3d at 798; *Matter of Meader v Barasch*, 133 AD2d 925, 926 [1987]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.