SECOND DEPARTMENT, SEPTEMBER, 1952.

(September 11, 1952.)

∎

In the Matter of EUGENE F. BANNIGAN et al., Appellants, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents; WALTER J. CARLIN et al., Respondents-Appellants, and STEPHEN C. SANZILLO et al., Interveners, Appellants.— Order, insofar as appealed from, modified on the law and the facts, as follows: (1) by striking therefrom the first and second ordering paragraphs and substituting therefor two provisions: one denying the petition of Bannigan et al. and dismissing said petition, and granting the cross petition of the respondents Morrissey, Brenner and Martuscello and of the interveners Sanzillo and Moskowitz; and one declaring that the Democratic Party Judicial District Convention for the Second Judicial District held on the night of August 29, 1952, at the Hotel St. George, in Brooklyn, was validly called and held, and validly nominated respondents Morrissey, Brenner and Martuscello as the candidates of the Democratic Party for the office of Justice of the Supreme Court of the State of New York, in and for the Second Judicial District; (2) by striking therefrom the fourth ordering paragraph and substituting therefor a provision to the effect that the certificate of nomination filed in the office of the board of elections in the city of New York on August 30, 1952, purporting to nominate the respondents Morrissey, Brenner and Martuscello as said candidates for said office, is valid and has been duly made and filed in accordance with the law; (3) and by striking therefrom the fifth, sixth, seventh and ninth ordering paragraphs, directing that the convention heretofore called for August 27, 1952, be reassembled on September 11, 1952, at the St. George Hotel; directing that notice thereof be given to the delegates and alternate delegates; directing the manner in which such reassembled convention shall be conducted; and retaining jurisdiction for the purpose of enforcing compliance with said directions. As thus modified, the order, insofar as appealed from, is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as included herein. On August 20, 1952, the chairman of the Democratic State Committee, pursuant to the rules of that body and of the provisions of section 132 of the Election Law, fixed the time and place of the meeting of the Democratic Judicial Convention for the Second Judicial District, and issued a call for the meeting of the convention on August 27, 1952. Concededly the room designated for the meeting place did not have ample seating capacity for the 392 delegates and alternates entitled to attend the convention, as required by the Election Law; the public authorities having jurisdiction thereof had determined that occupancy of the meeting room by more than 250 persons was dangerous, and had prohibited occupancy thereof by more than that number. On being informed of these facts and that a protest had been made against holding the convention at the designated place, the State chairman, before the convention was called to order or had taken any action, cancelled and revoked his designation of the time and place of the meeting of the convention. In our opinion, under the circumstances disclosed, he acted within the authority vested in him, and his action was neither arbitrary nor capricious. In view of these facts, and for the additional reasons stated at Special Term, the purported Judicial District Convention thereafter held on August 27, 1952, and the action

taken thereat were illegal and void.  Thereafter a new call was issued by the State chairman, who fixed the time of the meeting at 8:00 P. M. on August 29, 1952, and designated another, and apparently an adequate meeting room. Notice of the meeting was given by telegrams delivered to the Western Union Company, at its Manhattan office, for transmission to the delegates and alternates at 4:20 P. M. on August 28, 1952.  We do not agree with the conclusion reached at Special Term, that such notice was inadequate, as a matter of fact or of law.  The delegates present on August 27, 1952, had been informed that a new meeting would be held at a place to be designated.  They were chargeable with notice that the convention could not be held later than August 29, 1952.  Presumably, they expected to receive notice, as soon as possible, at their residences as stated in the roll transmitted to the State chairman (Election Law, § 270), of the time and place at which the meeting would be held.  There is no evidence that any elected delegate or alternate failed to receive notice of the meeting in time to attend, or was otherwise prejudiced by the short notice given.  The meeting held on August 29, 1952, at the Hotel St. George was legally convened at the time and place fixed pursuant to law and the proceedings of this convention were lawful and valid.  No fraud or irregularity sufficient to render impossible a determination as to who were rightfully nominated has been established.  Consequently, the court has no power to direct a reassembling of the convention (Election Law, § 330).  Nolan, P. J., Adel and Schmidt, JJ., concur; MacCrate, J., not voting.