(October 4, 1972)

■ In the Matter of MICHAEL J. FERRARO, Appellant, v. FRANK J. BARBARO et al., Respondents.— Petitioner appeals from two judgments of the Supreme Court, Kings County, both entered October 2, 1972, each judgment being in a separate proceeding. In the first proceeding, pursuant to section 330 of the Election Law to validate a petition designating petitioner as a candidate in the General Election to be held on November 7, 1972 for the public office of Assemblyman for the 47th Assembly District, he appeals from a judgment which denied the application without prejudice. In the second proceeding, pursuant to article 78 of the CPLR to compel the respondent Board of Elections to accept petitioner's certificate of acceptance and to restore his name to the ballot in said General Election for said public office, he appeals from a judgment which denied the application. Both judgments affirmed, without costs. No opinion. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ In the Matter of ANTHONY R. MARASCO, Appellant, v. JOHN C. COUZENS et al., Respondents.— In a proceeding to invalidate a certificate of nomination designating respondent John C. Couzens as a candidate of the Liberal Party of Westchester County in the General Election to be held on November 7, 1972 for the public office of Judge of the County Court of Westchester County, the appeal is from a judgment of the Supreme Court, Westchester County, entered September 21, 1972, which denied the petition. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ In the Matter of SALVATORE J. REALE, Appellant, v. VITO BATTISTA et al., Respondents.— Petitioner appeals from two judgments of the Supreme Court, Kings County, each judgment being in a separate proceeding. In the first proceeding, pursuant to section 330 of the Election Law to validate a petition designating petitioner as a candidate in the General Election to be held on November 7, 1972 for the public office of Assemblyman for the 38th Assembly District, he appeals from a judgment entered September 28, 1972, which dismissed the application without prejudice. In the second proceeding, pursuant to article 78 of the CPLR to compel the respondent Board of Elections to accept petitioner's certificate of acceptance and to restore his name to the ballot in said General Election for said public office, he appeals from a judgment entered October 2, 1972 which denied the application. Both judgments affirmed, without costs. No opinion. Munder, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.