In the Matter of ANNA CORBIN et al., Appellants, v GLORIA GOLD-

STEIN et al., Respondents. (And Three Other Actions.)—In proceedings to invalidate petitions designating certain of the respondents as candidates in the Democratic Party primary election to be held on September 12, 1978, for the party offices of delegate and alternate delegate to the Democratic Judicial Convention from the 43rd, 48th, 50th and 51st Assembly Districts, the consolidated appeal is from four judgments of the Supreme Court, Kings County, all dated August 21, 1978, which (1) denied the petitions and (2) directed the Board of Elections to place the names of the respondents designated as candidates on the appropriate ballots. Judgments affirmed, without costs or disbursements. The designating petitions are challenged on the ground that some of the nominees for delegate and alternate delegate to the Second District Democratic Judicial Convention do not reside in the assembly districts from which they seek to be elected. However, these nominees do reside within the Second Judicial District, which embraces the pertinent assembly districts. Section 6-124 of the Election Law provides, in pertinent part, that delegates to a judicial district convention shall be elected "from each assembly district". In our opinion, this language does not mandate that a delegate reside in the assembly district from which he seeks to be elected. Since party nominations for the office of Justice of the Supreme Court are made by the judicial district convention and Justices are chosen by the electors of the judicial district in which they are to serve, it is sufficient that delegates and alternate delegates to a judicial district convention reside in that judicial district. Mollen, P. J., Hopkins, Shapiro and O'Connor, JJ., concur; Damiani, J., not voting.