■   In the Matter of MICHAEL P. MURPHY, Appellant, v REMO J. ACITO et al., Constituting the New York State Board of Elections, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered October 13, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to subdivision 1 of section 16-102 of the Election Law, seeking to invalidate the nominating certificates nominating Quinn and Daronco as candidates of the Conservative Party for the office of Justice of the Supreme Court for the Ninth Judicial District. Respondents, Joseph D. Quinn, Jr., and Richard J. Daronco, were nominated as the candidates of the Conservative Party for the office of Justice of the Supreme Court for the Ninth Judicial District at that party's nominating convention held on September 19, 1978. Petitioner sought to challenge the certificates of nomination for these candidates that were filed with the respondent board on the grounds that the minutes of the convention were not filed within 72 hours after the adjournment of the convention and that the voting procedures employed at the convention were contrary to public policy. Petitioner filed appropriate objections and commenced this proceeding within 10 days of the holding of the convention (Election Law, § 16-102, subd 2). At the time of the commencement of the proceeding, however, petitioner had not yet filed his objections. These objections, although timely filed, were not filed until after petitioner had obtained an order to show cause commencing the proceeding. Special Term dismissed the proceeding on the ground that since petitioner had not filed his objections as required by subdivision 2 of section 6-154 of the Election Law prior to the commencement of his proceeding he lacked standing to maintain the proceeding. We disagree. Under the Election Law a person who shall have filed objections to a nominating certificate has standing to maintain a special proceeding to contest, among other things, the nomination of any candidate for any public office (Election Law, § 16-102, subd 1). It would be procedurally hypertechnical to insist that in all instances these objections be filed before the commencement of a special proceeding based on these objections if in fact the objections have been filed within the required statutory time period. To hold that the merits cannot be reached because petitioner's filing of objections did not precede the purely

procedural steps of initiating the proceeding is unreasonable. Courts should construe statutes to avoid an unreasonable result and should, if necessary, depart from the literal words of the statute to comply with the legislative intent (see *Matter of Pell v Coveney*, 37 NY2d 494, 496; Election Law, § 16-100, subd 1). As to the merits, we find that, even though the minutes of the convention were not timely filed, the delay in filing was brief and did not prejudice the integrity of the electoral process or disrupt the electoral machinery. Accordingly, Special Term properly exercised its discretion and excused the late filing (see *Matter of Lauer v Board of Elections of City of N. Y.*, 262 NY 416; *Matter of Darling*, 189 NY 570). We find petitioner's contention that the voting procedures employed at the Conservative Party nominating convention were contrary to public policy since the vote for each candidate for Justice of the Supreme Court was held separately rather than simultaneously to be without merit. The public policy which petitioner contends mandates simultaneous voting is supposedly evidenced by "the entire tenor of the Election Law". "The principal objective of the Election Law is to give the electorate a full and fair opportunity to express its choice among the candidates presented" *(Matter of Marasco v Couzens*, 71 Misc 2d 589, 592, affd 40 AD2d 682). This goal can be accomplished in many different ways. To give the voters an opportunity to select from among all the available candidates simultaneously, as the Election Law does, is merely one method. Moreover, petitioner here has not proven that simultaneous voting would have produced a different result *(Matter of Ippolito v Power*, 22 NY2d 594, 597-598). Judgment modified, on the law and the facts, by reinstating the petition and denying the relief requested therein, and, as so modified, affirmed, without costs. Motion for leave to appeal denied. Mahoney, P. J., Greenblott, Staley, Jr., Main and Larkin, JJ., concur.