(October 17, 1983)

■ In the Matter of DAVID N. HURD, Respondent, v R. WELLS STOUT et al., Constituting the New York State Board of Elections, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered October 12, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the nomination of petitioner as the Conservative Party candidate for the office of Justice of the Supreme Court for the Fifth Judicial District in the November 8, 1983 general election. The judicial nominating convention which attempted to nominate petitioner as the Conservative Party candidate for Supreme Court Justice for the Fifth Judicial District timely filed the minutes of the convention with the State Board of Elections but failed to file a certificate of nomination with the board. In granting petitioner's application to direct the board to certify him as the Conservative Party candidate, Special Term ruled that the minutes of the judicial district convention could serve as the certificate of nomination where, as here, the minutes contained all of the information required of a certificate of nomination (Election Law, § 6-156) and were received by the board in time to satisfy the filing requirements of a

certificate of nomination (Election Law, § 6-158, subd 6; § 1-106). There must be a reversal. The provisions of the election Law clearly contemplate that a judicial convention's minutes and certificate of nomination be separate and distinct documents. Certificates of nomination are governed by a separate statute (Election Law, § 6-156) and have different filing requirements (compare Election Law, § 6-158, subd 6 with § 6-126, subd 3). The failure to file a' certificate of nomination is a fatal defect (Election Law, § 1-106, subd 2) while no such penalty attaches to the failure to file minutes of a convention. Moreover, the two documents are inherently dissimilar since they make different representations; the minutes recite what actions transpired at the convention while the certificate of nomination is the embodiment of the ultimate disposition of the convention's deliberations. Finally, Special Term's decision allowing convention minutes to be treated as a certificate of nomination under certain circumstances could seriously undermine those provisions of the Election Law which allow for objections to be made against potential candidacies. Since objections against a person seeking nomination for the office of Supreme Court Justice are made against that person's certificate of nomination and the time for making any objection is governed by the date that certificate was filed (Election Law, § 6-154, subd 2), it is imperative that a separate certificate of nomination, designated as such, be filed to avoid substantially prejudicing those who might wish to object by failing to put them on notice that action on their part is required. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.