OPINION OF THE COURT
Con. G. Cholakis, J.
Petitioner Edgar C. Nemoyer and respondent Edward A. Rath, Jr. are both candidates for the office of Justice of the Supreme Court, Eighth Judicial District, to be filled at the *1055 general election on November 6, 1984. Each sought the nomination of the Conservative Party at its convention held on September 22, 1984.
On September 24, 1984 minutes of the convention plus certain documents were mailed to the New York State Board of Elections in an envelope containing a return address “Erie Cpunty Conservative Party, 263 Statler Building, Buffalo, New York 14202”. These documents were received by the New York State Board of Elections on September 27, 1984. Among the documents thus received was a certificate purporting to nominate respondent Edward A. Rath, Jr., as the Conservative Party’s candidate for the contested office.
Petitioner commenced this proceeding pursuant to section 16-102 of the Election Law challenging the method by which the convention was conducted, alleging failure to follow specific provisions of the Election Law and rules of the Conservative Party. He further alleges that he is the actual nominee of the convention. He now seeks to have respondent Rath’s purported nomination declared null and void and that he, petitioner, be declared the duly nominated candidate of the Conservative Party.
Following the commencement of this proceeding, respondent Rath alleges that, on or about October 10, 1984, the chairman of the convention mailed “corrected minutes” of the convention to the New York State Board of Elections. These purported to set forth the chronology of events that transpired during the convention. The original of these minutes had not been received by the Board prior to the argument at Special Term but a copy is attached to respondent Rath’s papers.
Both respondents, New York State Board of Elections and Edward A. Rath, Jr., challenge petitioner’s right to bring this proceeding. Pursuant to section 16-102 of the Election Law, petitioner has standing to bring this proceeding if he is (1) an aggrieved candidate, (2) a chairman of any party committee or (3) a person who shall have filed objections. Petitioner claims standing to prosecute this proceeding solely as an aggrieved candidate.
We must now proceed to determine whether the petitioner is an aggrieved candidate within the meaning of
*1056 the statute. Since petitioner is, in effect, challenging the methods used by members of the Conservative Party in conducting their convention he must either be a member of that party or must assert that he is entitled to the authorization of the convention (Matter of Wydler v Cristenfeld, 35 NY2d 719). Petitioner does not allege that he is a member of the Conservative Party but he does allege that he was a candidate for its nomination and he further alleges that he is the true nominee of the convention. In this court’s judgment, petitioner is, therefore, an aggrieved candidate and has standing to bring this proceeding. Additionally, petitioner is alleging that the purported nomination of respondent Rath does not express the true will of the delegates to the convention.
Turning to petitioner’s claims of improper actions within the convention, we find two main allegations of improper conduct:
(1) vacancies in the delegation from the 149th Assembly District were improperly and incompletely filled, and
(2) the method of conducting the voting procedure was improper.
Each claimed improper action shall be treated in order.
It appears that three delegates but no alternate delegates had been elected to represent the 149th Assembly District, however, only one delegate actually appeared at the convention. The one delegate then proceeded to choose an enrolled Conservative who was present to fill one of the vacancies in his delegation. The chosen individual apparently was not a resident of the 149th Assembly District but was a resident of the Eighth Judicial District. This choice was thereafter ratified by the entire convention. Section 6-124 of the Election Law specifically gives the authority to fill any vacancies in their delegation to the duly elected members of that delegation and not to the entire convention (see, also, Matter of Wager v New York State Bd. of Elections, 59 AD2d 729). The single vacancy that was filled was done so by a duly elected delegate of the 149th Assembly District and while approval of the convention was unnecessary, its approval certainly did not affect the designation. Furthermore the vacancy could be filled with anyone residing within the Eighth Judicial District *1057 and not just from within the 149th Assembly District (Matter of Corbin v Goldstein, 64 AD2d 935).
Once the first vacancy had been filled, the originally elected delegate attempted to find another person to fill the second vacancy. In doing so he attempted to find a person who would vote the way the missing delegate would have voted. Upon the convention objecting to his questioning prospective candidates, he ceased his efforts and the business of the convention continued with the third delegate from the 149th Assembly District absent and his position vacant. The petitioner does not dispute the chronology of events set forth above.
Petitioner alleges that the filling of the second vacancy was mandated by statute and the failure to do so voids the entire efforts of the convention.
Section 6-124 of the Election Law provides as follows: “if no alternates shall have been elected * * * then the delegates present from the same district shall elect a person to fill the vacancy.” (Emphasis supplied.)
It is the word “shall” upon which the petitioner relies for the position which he now advances.
It has been held that the word “shall” is not always imperative or mandatory and can be merely a grant of authority (Munro v State of New York, 223 NY 208, 214; Matter of McCormick v Axelrod, 91 AD2d 1144). The statute in question was intended to provide a sufficient number of delegates to pass upon the qualifications of the candidates seeking the nomination of the convention and to nominate a candidate. This the convention could accomplish even with a vacancy in the 149th Assembly District. While it may have been preferable to fill the vacancy, the failure to do so cannot be seen as invalidating the balance of the convention’s work. The single statutory requirement is that “[n]o such convention shall * * * transact any business * * * until a majority of the delegates or respective alternates named in the official roll shall be present.” (Election Law, § 6-126, subd 1.) Since there was only one vacancy in the official roll, a majority was present. It must also be noted that no one objected to proceeding with the single vacancy.
*1058 We turn now to petitioner’s second main allegation of improper conduct.
Respondent Rath alleges and petitioner does not dispute that the following occurred.
Petitioner’s nomination was first duly made and seconded. Respondent Rath’s nomination was thereafter made and seconded. A first call of the delegates (31 in number) resulted in 15 votes for petitioner, 12 for respondent Rath and in 4 delegates abstaining or passing. Upon completion of the first call the four who had not cast their vote were canvassed a second time and each voted for respondent Rath. Petitioner alleges that the second canvass was improper and that he had been elected by a vote of 15 to 12.
There is no indication that the four abstainers on the first canvass intended to give up their right to vote, neither is there anything in the law or in the Conservative Party’s rules of which the court has been made aware, which causes a delegate to lose his vote if he does not exercise it when first called upon to do so. There being no allegation of fraud or undue pressure being exerted upon them, the four delegates were free to vote upon the second canvass and they did so.
The final attack upon the voting procedure by petitioner is that one of the four, a Joan M. Springer, expressed a desire to again change her vote after the result had been announced but was not allowed to do so by the chairman of the convention. This allegation is contained in the affidavits of two convention delegates in a rather conclusory manner. The affidavits submitted by the convention chairman and by Miss Springer indicate that after Miss Springer had cast her vote for respondent Rath and the result announced, she expressed the fact that she would have liked to vote for both candidates or abstain. The chair ruled that she had voted and would not be allowed to change her vote. The ruling was neither challenged nor appealed by Miss Springer or by anyone else, including those who had voted for the petitioner. Furthermore, Miss Springer stated, at the convention, that her vote should stand as made and she now states that her vote for respondent Rath was her wish at the convention and is her wish now.
*1059 The court finds that the voting procedure was proper and respondent Rath was the duly elected nominee of the convention. The court has examined other alleged errors in the conduct of the convention and finds them without merit.
It is the judgment of this court that respondent Rath was the duly nominated candidate of the convention held on September 22, 1984. The court’s inquiry cannot, however, end at this point.
It is undisputed that the minutes filed in accordance with the mandate of subdivision 3 of section 6-126 of the Election Law were improper and did not accurately reflect the chronology of events above set forth. The minutes specifically allege that petitioner’s name was placed in nomination, seconded and that the convention then unanimously nominated him as their candidate for the office of Justice of the Supreme Court, Eighth Judicial District.
The minutes then proceed to allege that the exact same process was followed in the case of respondent Rath. Since there was only a single vacancy on the Supreme Court the convention clearly could not nominate two candidates. The papers filed with the minutes include a “certificate of nomination” and a “judicial district convention authorization”. Both of these clearly list respondent Rath as the party’s nominee. Additionally, while unnecessary, an “acceptance” of the nomination was signed by respondent Rath and filed with the minutes of the convention.
While the minutes are ambiguous, the documents filed with them show respondent Rath to be the nominee.
Upon discovering the ambiguity, the chairman of the convention mailed corrected minutes to the Board on October 10,1984, a full 18 days after the convention. Had these been the original minutes the court could not and would not say that the delay was brief and did not prejudice the integrity of the election process or disrupt the electoral machinery (see Matter of Murphy v Acito, 65 AD2d 661, mot for lv to app den 45 NY2d 897), nor would the court, in the exercise of its discretion, direct its acceptance and filing by the Board (Matter of Lauer v Board of Elections, 262 NY 416).
*1060 The court has reviewed the minutes as originally filed and, as stated above, finds ambiguity in them as to the procedure followed at the convention. However, the minutes together with all the other documents filed simultaneously therewith leads to the conclusion that two men were nominated but that respondent Rath was the duly elected nominee of the Conservative Party.
The mandate of the Election Law compels the filing of the minutes within 72 hours after the convention’s adjournment but does not set forth what the minutes should contain. The cases relied upon by the petitioner all refer to instances where statutorily mandated contents of petitions were ignored. Perhaps the Legislature should mandate the contents of the minutes of a judicial district convention but this court cannot do so.
While imperfect, the minutes together with the attached documents accurately show the work of the convention and the Board correctly certified respondent Rath as the proper nominee.
Petition is therefore dismissed.