(April 14, 1986)

■ In the Matter of Jo A. CALANDRA, Appellant, v GEORGE D. SALERNO et al., Constituting the New York State Board of Elections, et al., Respondents. (Proceeding No. 1.) In the Matter of JACQUELINE R. CALANDRA, Appellant, v GEORGE D. SALERNO et al., Constituting the New York State Board of Elections, et al., Respondents. (Proceeding No. 2.) In the Matter of Jo A. CALANDRA, Appellant, v GEORGE D. SALERNO et al., Constituting the New York State Board of Elections, et al., Respondents. (Proceeding No. 3.) (And Two Other Related Proceedings.)—Per Curiam. Appeal from an order and judgment of the Supreme Court at Special Term (Conway, J.), entered April 4, 1986 in Albany County, which, inter alia, dismissed petitioners' applications, in three proceedings pursuant to Election Law § 16-102, to declare invalid two certificates

of nomination naming respondent Guy J. Velella as the Republican Party candidate for the office of State Senator from the 34th Senate District in the April 22, 1986 special election and to declare valid the certificate of nomination naming petitioner Jo Ann Calandra as the Republican Party candidate for that office.

John D. Calandra was the State Senator from the 34th Senate District, comprising parts of Bronx and Westchester Counties, in addition to serving as chairman of the Bronx Republican County Committee (County Committee). Upon Calandra's death on January 20, 1986, respondent Guy J. Velella, then first vice-president of the County Committee, automatically succeeded Calandra as chairman pursuant to the rules of the County Committee. As chairman of the County Committee, Velella had the authority under rule 16 (B) of the Republican State Committee rules to meet with his Westchester County counterpart, Anthony J. Colavita, to choose the Republican Party candidate in the upcoming special election for Calandra's vacated State Senate seat (see, Election Law § 6-114). Since we find that the certificate of nomination which resulted from Velella's meeting with Colavita and named Velella as the Republican Party candidate complied with the applicable provisions of the Election Law, that certificate was properly ruled valid by both the State Board of Elections and Special Term.

In view of the above reasoning, we find it unnecessary to express any opinion on those arguments raised by petitioners regarding the outcome of the election for chairman of the County Committee's executive committee.

Order and judgment affirmed, without costs. Kane, J. P., Casey, Mikoll and Levine, JJ., concur.