OPINION OF THE COURT
John Leone, J.
Special proceedings indexed as Nos. SP8117/90 and SP8119/ 90 are consolidated for all purposes.
*89 Before the court is a petition commenced by order to show cause for an order declaring invalid a certain certificate of nomination filed with the Board of Elections of the City of New York (the City Board) nominating Susan Molinari as the candidate of the Republican Party for the special election scheduled March 20, 1990 for the position of Member of Congress from the 14th Congressional District. This petition also seeks to restrain the Board of Elections from placing her name on the ballot as the Republican Party candidate in said election.
Also before the court is a petition for an order declaring the aforementioned certificate to be valid, proper, and of legal force and effect.
Upon the papers and documents presented herein, and the stipulations of counsel made in open court, and after hearing argument of counsel for the respective parties, it appears that the primary issue for resolution is the consequence, as a matter of fact and law, of the failure of the New York Republican State Committee, or any other person for that matter, to file a copy of that body’s bylaws with the City Board of Elections. As a matter of fact, said bylaws were not filed with the City Board prior to the filing of the certificate of nomination, nor were they attached to the certificate filed by Olga Igneri and Alfred S. Pantaleone as a Republican Party Committee allegedly designated as persons authorized and empowered to make the nomination in question. These two individuals are the chairpersons of the Republican County Committees of Richmond and Kings Counties, respectively.
It is also uncontroverted, as a matter of fact, that the rules and bylaws of the respective County Committees of Richmond and Kings are silent as to the procedure and nominating process for nominating an individual to run in a special election for an office whose territorial district encompasses more than one county.
There is no question but that a copy of the rules and bylaws of the State Republican Committee were duly filed with the State Board of Elections (the State Board) prior to the filing of the certificate of nomination at issue here. One of the provisions in said rules controlling nominations in special elections shall be set forth at length and discussed hereinafter.
The petitioners Erich Bodnar and Theodore Bodnar assert that the failure to file the State Committee’s bylaws with the City Board or to attach a copy thereof to the certificate at the *90 time of its filing is a fatal defect. (Election Law § 1-106 [2].) They rely on the language of Election Law § 6-156 which provides:
"Party Nominations; certification
"1. Certificates of nominations, made otherwise than at a primary, shall contain the name of the political party making the nomination, the title of the office for which such person is nominated, the name and residence of the nominee, the committee, if any, appointed to fill vacancies in the nominations, and shall be signed by the presiding officer and a secretary of the body making the nomination. When a nomination is made by a committee other than one composed of members of a state committee or a county committee, a certified copy of the rule or resolution constituting such committee, shall, if a copy thereof shall not have been filed previously, be attached to the certificate.”
Other relevant statutes applicable are section 6-114 of the Election Law, which requires party nominations for an office to be filled at a special election to be made in the manner prescribed by the rules of the party, and section 2-114, which provides, in pertinent part, that any State political committee must file a certified copy of its rules within 10 days of its adoption with the State Board and that a county committee must file its rules with both the State Board and local board. This statute further provides that "[n]o rule or amendment thereof shall be effective until the filing thereof in the office of the state board of elections” (§ 2-114 [1]).
At oral argument, counsel for petitioners Bodnar took the position that the meaning of the words "filed previously” contained in section 6-156 should be construed to mean "filed previously with the City Board”, because that is the place where the certificate must be filed, interpreted, and given effect. In further support of this position, it is claimed the purpose of the filing and attachment requirements is to provide adequate notice to the City Board, or to any other interested persons for that matter, of the basis and source of authority of the persons making the nominations and executing the certificate required by section 6-156.
If this be the rationale for the requirement of filing and/or attachment then the purpose of the statute has been satisfied under the particular facts of this case, in this court’s opinion. The certificate of nomination in question clearly states on its face that the nominators are the chairpersons of the Republi *91 can County Committee of Kings County and Richmond County, that they met and selected a candidate by weighted voting, and that the certificate is filed pursuant to the “rules and regulations of the New York Republican State Committee”. Any person interested in the right or authority of Olga Igneri and Alfred S. Pantaleone to make this nomination is put on notice by this language to look to the rules of the State Committee, which, as indicated hereinabove, must be on file with the State Board in order to have any force and effect by law. All persons are presumed to have knowledge of the law (see, Matter of Shubert, 10 NY2d 461, 473). Thus, any interested person need only look to the rules filed with the State Board in order to ascertain the basis of authority of the persons named in the certificate to so act.
Rule 16 (B) of said State Committee Rules concerns the nominating procedures for special elections and states: "B. If the district comprises more than one County, the nomination and authorization shall be made by the County Chairman of such Counties as comprise the district, who shall vote a weighted vote which shall be the vote cast on the Republican line in the most recent general election for that particular district’s candidate. Any meeting hereunder shall be conducted in accordance with the rules of the State Committee, unless specific provision is otherwise made at such meeting.”
This is not to say that the respondent Molinari’s interpretation of section 6-156 is the appropriate one. Her argument is that the prior filing of the rules with the State Board satisfied the "previous filing” language of the statute, and obviates the need to make any additional filing with the City Board and/or attach a copy of the rules to the certificate when filed. Following this argument to its logical conclusion, in no situation would any rules be required to be filed or attached, because they perforce must have been filed previously in order to have had any effect. In other words, all necessary filings have been made, and no attachments are ever required. This, of course, is not a proper construction of the statute. All of the words of a statute should be given meaning and effect, and words should not be rejected or ignored as superfluous (McKinney’s Cons Laws of NY, Book 1, Statutes § 231). Respondent Molinari’s view of section 6-156 effectively writes the last sentence thereof out of the statute.
The court is not determining that the failure to attach a copy of the applicable rule or resolution to the certificate of nomination is to be excused in all instances; nor is it deter *92 mining that the mere filing of rules with the State Board obviates the need to file them with the city or local board in all instances. The court is not prepared to adopt such a per se rule. The narrow issue decided herein is whether the notice purposes of section 6-156 have been satisfied under the particular facts sub judice, and the conclusion reached herein is that they have.
One thing in this case is certain. The language employed by the Legislature concerning rule-filing requirements is vague as applied to the facts at bar. Both sides herein have made cogent arguments in support of their respective positions; however, the court is compelled to use the existing rules of statutory construction in an attempt to ascertain the true intent of the law. Some clarification from the Legislature in this area regarding rule-filing requirements is certainly in order.
Even if it were found that the Rules of the State Committee should have been filed with the City Board, the failure to do so should not be construed as a "fatal defect”. The failure to file the certificate in a timely fashion is a fatal defect (Election Law § 1-106 [2]), but the certificate itself and the rules which can be "attached” to it are separate and distinct documents (see generally, Matter of Hurd v Stout, 97 AD2d 616, affd 60 NY2d 787). The failure to include the filing of rules or attachment thereof to the certificate as a fatal defect in section 1-106 (2) must be construed to have been the intended result of the Legislature, under the principle of expressio unius est exclusio alterius (McKinney’s Cons Laws of NY, Book 1, Statutes § 240). If the Legislature had intended to include the filing of rules in the definition of fatal defect, it would have expressly done so.
Because the certificate of nomination resulted from a meeting between Igneri and Pantaleone pursuant to rule 16 (B) of the Republican State Committee Rules to select that party’s candidate, and since it complied with the applicable provisions of the Election Law, the certificate was properly ruled valid by the Board of Elections (Matter of Calandra v Salerno, 119 AD2d 886).
As to other issues raised by the pleadings:
Respondent Molinari asserts in her answer that this court lacks subject matter jurisdiction over this matter because the Board of Elections dismissed the objections of the Bodnars. Presumably, this means that respondent takes the position *93 that a CPLR article 78 proceeding is the remedy available to the Bodnars at this time.
CPLR 103 (c) permits the court to treat this proceeding as one brought in proper form, as long as the court has obtained jurisdiction over the parties. The court will deem this proceeding as one brought under article 78, if such is the proper procedural vehicle for relief. Suffice it to say that the court is satisfied that it has authority to summarily determine the issues before it under the broad powers granted to it by Election Law § 16-100 (1), whether the proceeding be denominated a special proceeding, article 78 proceeding, or whatever.
Respondent Molinari also claims lack of in personam jurisdiction over her because the process was not made in compliance with the order to show cause. First, no evidence of this was offered to the court. Secondly, she voluntarily submitted herself to the jurisdiction of the court by commencing the proceeding under index No. SP8119/90.
In light of the determination made herein, the court need not reach the other issues raised by the parties.
For the foregoing reasons, it is hereby
Ordered, adjudged and decreed that the petition (cal. No. 447) for an order invalidating the certificate of nomination in question, filed with the Board of Elections of the City of New York on February 20, 1990 is denied, and the petition is dismissed, and it is further
Ordered, adjudged and decreed that the petition (cal. No. 454) for an order validating the above-described certificate is granted.