(October 26, 1993)

■ In the Matter of VINCENT REDA, Appellant, v DENNIS MEHILE et al., Respondents. [603 NYS2d 166] —In a proceeding to invalidate a certificate of nomination designating Ellen B. Holtzman, Mark L. Davies, and Anthony A. Scarpino, Jr., for the nomination of the Democratic Party as its candidates for the public offices of Justices of the Supreme Court, Ninth Judicial District, in the general election to be held on November 2, 1993, the appeal is from a judgment of the Supreme Court, Rockland County (Coppola, J.), dated October 19, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, the Chair of the Rockland County Republican Committee, commenced the instant proceeding to invalidate a certificate of nomination designating the respondents Ellen B. Holtzman, Mark L. Davies, and Anthony A. Scarpino,

Jr., for the nomination of the Democratic Party as its candidates for the public offices of Justices of the Supreme Court, Ninth Judicial District.

Specifically, the petitioner alleges that no roll call was ever conducted at the Democratic Judicial Convention, and that notwithstanding a statement to the contrary on the face of the certificate of nomination, the requisite presence of a quorum *(see,* Election Law § 6-126 [1], [2]) was never established. We disagree with the petitioner's argument.

The minutes of the Democratic Judicial Convention of the Ninth Judicial District, dated September 27, 1993, which are entitled to a presumption of regularity (Richardson, Evidence § 72 [Prince 10th ed]), indicate that (1) a motion was made to dispense with the calling of the roll and recognize the presence of a quorum, and (2) this motion was passed by unanimous acclamation of the delegates and alternates in attendance. Moreover, it is well established that the " 'principal objective of the Election Law is to give the electorate a full and fair opportunity to express its choice among the candidates presented' " *(Matter of Murphy v Acito,* 65 AD2d 661, 662, quoting from *Matter of Marasco v Couzens,* 71 Misc 2d 589, 592, *affd* 40 AD2d 682). This objective would be thwarted if the petitioner were allowed to have the candidates nominated by his party run unopposed in the general election, without submitting any probative evidence that provisions of the Election Law had not been complied with at the Democratic Judicial Convention. The cases relied on by the petitioner, including, *inter alia, Matter of Bannigan v Heffernan* (280 App Div 891, *affd* 304 NY 729), and *Matter of Meader v Barasch* (133 AD2d 925), are factually inapposite, and do not compel the result advocated by the petitioner.

We have examined the petitioner's remaining arguments and find them to be without merit. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.