(October 19, 2007)

■ In the Matter of CHARISSA THOMAS et al., Appellants, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents. [843 NYS2d 725]—

Per Curiam. Appeal from an order of the Supreme Court (Platkin, J.), entered October 15, 2007 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the certification of nomination naming Richard Rich and Molly Reynolds Fitzgerald

as the Working Families Party candidates for the office of Justice of the Supreme Court for the Sixth Judicial District in the November 6, 2007 general election.

On September 24, 2007, Richard Rich and Molly Reynolds Fitzgerald were nominated as the Working Families Party candidates for the office of Justice of the Supreme Court for the Sixth Judicial District in the November 6, 2007 general election. The party convention then adjourned at approximately 8:00 P.M. On September 27, 2007, at 5:30 P.M., a notary public was directed by a Working Families Party official to file the minutes of the convention by mailing them to respondent New York State Board of Elections (hereinafter the Board).* The notary public found that her local post office was closed but, noting that the last mail pick-up occurred at 5:45 P.M., nevertheless placed the envelope containing the convention minutes in the mailbox at approximately 5:45 P.M. The envelope, however, was not postmarked until the following day, September 28, 2007.

Upon receipt of the convention minutes, the Board determined that they had not been timely filed within the requisite 72 hours after the adjournment of the convention (see Election Law § 6-158 [6]) and, as a result, declared invalid the certificate of nomination naming Rich and Fitzgerald as candidates of the Working Families Party. Petitioners thereafter commenced this Election Law proceeding seeking a declaration that their certificate of nomination was valid. Supreme Court declined that relief and dismissed the petition. This appeal by petitioners ensued.

We affirm. Initially, we reject petitioners' contention that the convention minutes were timely filed. That would have been the case only if the minutes were personally delivered to the Board by 5:00 P.M. on September 27, 2007, or the envelope containing the minutes was postmarked prior to midnight on that date (see Election Law § 1-106 [1]; § 6-158 [6]; see generally Matter of Esiason v Washington County Bd. of Elections, 220 AD2d 878, 879 [1995], lv denied 86 NY2d 709 [1995]). Inasmuch as the minutes were not postmarked until September 28, 2007, the finding of untimeliness was correct.

Petitioners alternatively argue that the late filing of the convention minutes resulted in only a brief delay and, thus, should be excused. To be sure, a court may, in its discretion, excuse the untimely filing of convention minutes when "the delay in filing was brief and [does] not prejudice the integrity of the electoral process or disrupt the electoral machinery" (Mat-

---

* Also included in the envelope was the certificate of nomination, which was indisputably filed in a timely fashion.

*ter of Murphy v Acito,* 65 AD2d 661, 662 [1978], *appeal dismissed* 45 NY2d 897 [1978], *lv denied* 45 NY2d 712 [1978]; *cf. Matter of Hurd v Stout,* 97 AD2d 616, 617 [1983], *affd for reasons stated below* 60 NY2d 787 [1983]). Despite the minimal delay in filing here, however, it cannot be said that Supreme Court improvidently exercised its discretion in refusing to excuse the late filing in light of both the disruption to the electoral process that would occur if the delay were excused and petitioners' failure to offer any excuse for the delay. Accordingly, we affirm the dismissal of the petition.

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 17 Misc 3d 1116(A), 2007 NY Slip Op 52029(U).]