Matter of Fuentes v Catalano (2018 NY Slip Op 07034)





Matter of Fuentes v Catalano


2018 NY Slip Op 07034


Decided on October 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-11937
 (Index Nos. 80087/18, 80089/18)

[*1]In the Matter of Christian John Fuentes, et al., appellants-respondents, 
v
Anthony Catalano, et al., respondents-appellants, et al., respondent. (Proceeding No. 1)
In the Matter of Anthony Catalano, et al., respondents-appellants,Christian John Fuentes, et al., appellants-respondents, et al., respondent. (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of party nomination naming Anthony Catalano and Orlando Marrazzo, Jr., as candidates of the Democratic Party for the public offices of Justices of the Supreme Court, Thirteenth Judicial District, in a general election to be held on November 6, 2018, and a related proceeding, inter alia, to validate the same certificate of party nomination, Christian John Fuentes, Leon G. Moise, and Michael T. Golding appeal, and Anthony Catalano, Orlando Marrazzo, Jr., Manuel Ortega, and Sheila McGinn cross-appeal, from a final order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated October 11, 2018. The final order denied the petition, inter alia, to invalidate the certificate of party nomination and granted the petition, inter alia, to validate the certificate of party nomination.
ORDERED that the cross appeal is dismissed, without costs or disbursements, as the cross appellants are not aggrieved by the final order (see CPLR 5511); and it is further,
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition, inter alia, to invalidate the certificate of party nomination is granted, the petition, inter alia, to validate the certificate of party nomination is denied, and the Board of Elections in the City of New York is directed to remove the names of Anthony Catalano and Orlando Marrazzo, Jr., from the appropriate ballot.
On September 20, 2018, the Democratic Committee for the Thirteenth Judicial District held a convention at which it nominated Anthony Catalano and Orlando Marrazzo, Jr., as candidates of the Democratic Party for the public offices of Justices of the Supreme Court, Thirteenth Judicial District, in a general election to be held on November 6, 2018. On September 24, 2018, a transcript of the convention proceedings, signed only by a stenographer, was filed with the Board of Elections in the City of New York (hereinafter the Board of Elections). On September 25, 2018, a certificate of party nomination was filed with the Board of Elections. No formal minutes of the convention, duly certified by the Chair and Secretary of the convention, were filed, though required by Election Law § 6-158, despite the fact that the necessity of complying with this statutory [*2]requirement was duly noted by the convention's Chair, as set forth in the filed transcript. No explanation for this omission has been provided; the record is silent as to any attempt, however belated, to correct the omission.
Thereafter, Christian John Fuentes, Leon G. Moise, and Michael T. Golding (hereinafter collectively the invalidation petitioners) commenced a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the certificate of party nomination. Catalano, Marrazzo, and the Chair and Secretary of the convention (hereinafter collectively the validation petitioners) commenced a related proceeding, inter alia, to validate the certificate of party nomination. The Supreme Court denied the petition to invalidate and granted the petition to validate. We reverse.
At the outset, the contention of the validation petitioners that the invalidation petition should have been dismissed for failure to join the New York State Democratic Committee as a necessary party is without merit (see Matter of Michaels v New York State Bd. of Elections, 154 AD2d 873, 874). Likewise unavailing is their claim that the invalidation petitioners failed to lodge an appropriate objection before the Board of Elections, as the invalidation petitioners' timely-filed objections asserted that they were objecting to the certificate of party nomination in question.
Election Law § 6-158(6) provides that a "certificate of party nomination made at a judicial district convention shall be filed not later than the day after the last day to hold such convention and the minutes of such convention, duly certified by the chair[ ] and secretary, shall be filed within seventy-two hours after adjournment of the convention" (emphasis added).
Prior to 1969, judicial construction of the Election Law did not fix "fatal finality" to instances of errors or mistakes in the filing of certificates of nomination, which errors or mistakes should "in all reason and justice" be corrected so that elections would be fair and the will of all electors ascertained (Matter of Lauer v Board of Elections of City of N.Y., 262 NY 416, 419). In Lauer, the Court of Appeals sustained the validity of a certificate of party nomination which had been officially filed a half day too late, but had been timely presented unofficially to an employee of the Board of Elections in the innocent but mistaken belief that the employee was empowered to accept it. However, in 1969, the New York State Legislature changed the law by adding what is now Election Law § 1-106(2), which provides that the "failure to file any petition or certificate relating to the designation or nomination of a candidate for party position or public office . . . within the time prescribed by the provisions of this chapter shall be a fatal defect."
As recounted in 1975 by the Court of Appeals in Matter of Carr v New York State Bd. of Elections (40 NY2d 556, 558), the Legislature's intent in adopting the 1969 legislation was to manifest that the time limitations for filing petitions and certificates relating to the designation and nomination of candidates be strictly construed. As the Court stated, "[s]ave for those instances where the literal meaning of words is not to be so slavishly adhered to as to defeat the general purpose and manifest policy intended to be promoted, where the legislative design is expressed in an act employing unambiguous terms such as here, the court must enforce it according to the letter, the responsibility for the result being upon the Legislature, not upon the courts" (id. at 559 [citations omitted]).
As a consequence, the Court of Appeals held in Carr that where certificates of party nomination for the public office of Justice of the Supreme Court were not timely filed, the certificates were invalid, as the courts may not ignore the statutory mandate (see id.; accord Matter of Gammerman v Board of Elections of City of N.Y., 57 NY2d 888, affg 90 AD2d 461).
Election Law § 1-106(2) renders the failure to file a petition or certificate relating to a designation or nomination a fatal defect. That statute does not speak directly to the minutes of a judicial nominating convention which, by virtue of Election Law § 6-158(6), must also be filed. Convention minutes and certificates of party nomination are distinct documents and are subject to different filing requirements. While certificates of party nomination embody the disposition of the convention's deliberations, the convention minutes recite what actions transpired at the convention (see Matter of Hurd v Stout, 97 AD2d 616, affd 60 NY2d 787), and their description of events, when [*3]properly attested to by the authorized convention officials, is entitled to a presumption of regularity (see Matter of Reda v Mehile, 197 AD2d 723). The governing statute, while requiring the filing and certification of convention minutes, does not further delineate or prescribe the form that the convention minutes must take.
Since the Legislature has not chosen to specifically render the failure to file convention minutes a fatal defect, it has been observed that such a failure is not necessarily fatal (see Matter of Hurd v Stout, 97 AD2d at 617). In Matter of Murphy v Acito (65 AD2d 661), it was held that the failure to file convention minutes was not a fatal defect where the delay was brief and did not prejudice the integrity of the electoral process or disrupt the electoral machinery. On the other hand, an attempt to cure an ambiguity in the original minutes by the filing of corrected minutes 18 days after the convention was regarded as unsuccessful, as the court could not say that the delay was brief, not prejudicial, and not disruptive (see Nemoyer v New York State Bd. of Elections, 125 Misc 2d 1054, 1059 [Sup Ct, Special Term, Albany County], affd on op below 105 AD2d 488). In Matter of Thomas v New York State Bd. of Elections (44 AD3d 1155), where the Supreme Court refused to excuse a minimal delay of one day in the filing of the convention minutes, it was held, on appeal, that this was not an improvident exercise of discretion where, among other things, no excuse for the delay was provided.
Where there is a showing of both a compelling explanation for the deviation from the statutory requirements and of a prompt attempt to rectify the error in the failure to file certified minutes of a judicial convention, invocation of judicial discretion may be appropriate to remediate the harsh consequences, to both the affected candidates and to the public interest in having competitive elections. The question here is whether there is an appropriate basis for the exercise of any such discretion.
Turning to the facts, we view the filed verbatim transcript of the convention as being the functional equivalent of the statutorily required minutes, since the transcript serves the function of setting forth what transpired at the convention. However, the fact remains that the transcript was not certified by the convention Chair and the Secretary, although they did sign the certificate of party nomination. The certificate of party nomination did not incorporate, or even reference, the transcript. The transcript was filed on September 24, 2018, one day prior to the filing of the certificate. While the accuracy of the transcript was attested to by the stenographer, the stenographer had no official role at the convention.
The failure on the part of the convention Chair and Secretary to file certified minutes of the convention is a violation of the statute. This failure is inexplicable given that the convention Chair read to the delegates, at the outset of the convention, an authorization letter from the party's state Chair which expressly stated that the Election Law requires that within 72 hours of the adjournment of the convention, the duly certified minutes must be filed with the Board of Elections. We have been given no facts upon which any exercise of discretion may be founded. No explanation has been provided for the failure to timely file duly certified minutes. No attempt to cure the failure by making a belated filing at the Board of Elections has been made known to us on this record.
Under the statutory scheme, as to nominations flowing from a judicial nominating convention, certificates of party nomination must be filed not later than the day after the last day to hold such convention, and the minutes of such convention, duly certified by the Chair and Secretary, must be filed within 72 hours after the adjournment of the convention (see Election Law § 6-158[6]). The statute requires that both documents be filed; the certificate of party nomination may not stand alone, as the certified minutes provide the necessary authentication that the convention made the nominations set forth in the certificate (see Matter of Thomas v New York State Bd. of Elections, 44 AD3d 1155 [holding that a timely filed certificate of party nomination could not be validated where the untimely filing of the convention minutes was not excused]).
Since no certified convention minutes have been filed, and no reason has been offered as a basis upon which such failure could be excused, we are left with no alternative but to hold that the failure to file certified convention minutes renders the attempt to nominate these candidates [*4]ineffectual, and their names must be removed from the ballot.
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court