Matter of Limpert v Brandt (2018 NY Slip Op 07036)





Matter of Limpert v Brandt


2018 NY Slip Op 07036


Decided on October 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2018


[*1]In the Matter of GREGORY J. LIMPERT, Appellant- Respondent,
v
KAREN M. BRANDT, as Candidate for the Office of Justice of the Supreme Court for the Fifth Judicial District, et al., Respondents- Appellants, et al., Respondents.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Rumsey and Pritzker, JJ.


James E. Long, Albany, for appellant-respondent.
James E. Walsh, Ballston Spa, for Karen M. Brandt and others, respondents-appellants.
Thomas R. Schepp II, Manlius, for Gregory A. Scicchitano and another, respondents-appellants.



MEMORANDUM AND ORDER
Per Curiam.
Cross appeal from an order of the Supreme Court (McDonough, J.), entered October 16, 2018 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondents Karen M. Brandt, Gerry Neri, James P. Murphy and Donald A. Greenwood as the Republican Party candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 6, 2018 general election.
Pursuant to a certificate of nomination filed September 25, 2018, the Republican Party named respondents Karen M. Brandt, Gerry Neri, James P. Murphy and Donald A. Greenwood (hereinafter respondent candidates) as its candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 6, 2018 general election. Petitioner then timely filed general and specific objections to the certificate of nomination contending, among other things, that respondent Gregory A. Scicchitano, who allegedly called the nominating convention to order, thereafter assumed additional duties at the convention in violation of Election Law § 6-126 (1) and, further, that the voting procedures employed ran afoul of the requirements specified in Election Law § 6-126 (2). Due to time constraints, petitioner commenced this proceeding upon the same grounds — seeking to invalidate the certificate of [*2]nomination and to restrain respondent State Board of Elections from certifying the ballot at issue — without awaiting a ruling from the State Board.[FN1]
Respondent candidates answered and raised various affirmative defenses, including lack of standing and failure to join Thomas Dadey Jr., who had been designated as the convenor of the convention, as a necessary party. Scicchitano and respondent Neil Germain, in their respective capacities as permanent chair and permanent secretary of the nominating convention, answered and similarly challenged petitioner's failure to name Dadey as a necessary party. Supreme Court rejected the standing and necessary party defenses and, as to the merits, found that Scicchitano called the convention to order and thereafter assumed additional duties in violation of Election Law § 6-126 (1). Accordingly, the court declared the certificate of nomination to be invalid and, relying upon the provisions of Election Law § 16-102 (3), ordered that the judicial nominating convention for the Fifth Judicial District reassemble on or before October 23, 2018 for the purpose of nominating Republican Party candidates for the office of Justice of the Supreme Court for that district. Petitioner appeals, and respondent candidates, as well as Scicchitano and Germain, cross-appeal.[FN2]
The record reflects that Dadey was designated as the convenor for the nominating convention, and he later averred that he did in fact call the convention to order. According to Dadey's affidavit, he thereafter asked Scicchitano for assistance, who, in turn, asked Germain to call the roll of delegates. Although the convention minutes reflect that it was Scicchitano who called the convention to order, there is no dispute that it was Germain — not Dadey — who called the roll of delegates. The convention minutes further reflect that four individuals were to be nominated as the Republican Party candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District. For the first of the four positions to be filled, Germain called the roll of Assembly Districts, whereupon a certain district was recognized and a delegate placed Brandt's name in nomination; the nomination then was duly seconded. This procedure thereafter was repeated for each of the three "additional" positions, as the result of which Neri, Murphy and Greenwood were duly nominated and seconded. A subsequent roll call of the relevant Assembly Districts revealed that there were no further nominations. Following this, a motion was made that respondent candidates "be nominated by unanimous vote, and the motion was seconded." Germain then "called for a voice vote, and the ayes were unanimous."
Turning to the specific arguments raised by the parties, petitioner indeed is correct that Supreme Court should have addressed his threshold claim that the voting procedure employed at the nominating convention failed to comply with the requirements of Election Law § 6-126 (2), which provides for a roll call vote "[w]hen more than one candidate is placed in nomination for an office." That said, upon reviewing the minutes of the nominating convention and taking into consideration the particular facts of this case, we are unpersuaded that the certificate of nomination should be invalidated upon this ground.
"[T]he principal objective of the Election Law is to give the electorate a full and fair opportunity to express its choice among the candidates presented" (Matter of Reda v Mehile, 197 AD2d 723, 724 [1993] [internal quotation marks and citations omitted]), and we are hard pressed to discern how invalidating the entire slate of Republican Party candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District would accomplish that objective. Notably, unlike the situation presented in Matter of Gerke v Taddeo (5 Misc 3d 1012[A] [Sup Ct, Albany County 2004]), there is no question here as to the number of positions to be filled at the convention, the identity of the nominees and/or the actual number of votes cast in favor of [*3]respondent candidates, and it is apparent from reading the convention minutes that the intention of the delegates was fully and accurately expressed. Under the facts of this case, invalidation of the certificate of nomination is not warranted upon this ground (see generally Matter of Reda v Mehile, 197 AD2d at 724) — particularly in the absence of any indication that, had a roll call vote occurred, the results obtained would have been any different. As the balance of petitioner's claims concern the propriety of the remedy fashioned by Supreme Court in this matter, i.e., directing the reconvening of the judicial nominating convention, we turn our attention to the issues raised on the cross appeal — primarily, whether a violation of Election Law § 6-126 (1) occurred.
At the outset, we reject — for reasons similar to those set forth in Matter of Marzullo v DelConte (___ AD3d ___ [decided herewith]) — the assertion that petitioner lacked standing or that the petition should be dismissed for failure to join a necessary party. With respect to the issue of whether a violation of Election Law § 6-126 (1) occurred, we recognize that Dadey, as the convenor for the convention, was required to call the roll of delegates, which he did not do. Nonetheless, Dadey was present, he requested the assistance of others, the roll of delegates was then called and no objection thereto was rendered. As the record before us fails to reveal any substantive defect warranting invalidation of the certificate of nomination naming respondent candidates as the Republican Party candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 6, 2018 general election, and recognizing that the four respondent candidates nominated to fill the four vacancies were unanimously selected by the delegates, invalidation of the certificate of nomination is not warranted (see id. at slip op p 5). Accordingly, Supreme Court's order invalidating the certificate of nomination is reversed. In light of this conclusion, we need not address the remaining arguments raised by respondent candidates, Scicchitano and/or Germain, nor need we consider — in the context of petitioner's appeal — the propriety of Supreme Court's directive that the judicial nominating convention be reconvened.
Lynch, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: The State Board subsequently ruled that the certificate of nomination retained its presumption of validity pending a judicial determination.

Footnote 2: By order entered October 17, 2018, Supreme Court stayed its order until October 23, 2018 or further order of said court.