Matter of Vacca v Kosinski (2019 NY Slip Op 07209)





Matter of Vacca v Kosinski


2019 NY Slip Op 07209


Decided on October 08, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2019

529958

[*1]In the Matter of Meredith A. Vacca, Respondent,
v
Peter S. Kosinski et al., Constituting the State Board of Elections, Respondents, and Sheila Harvey, Appellant.

Calendar Date: October 7, 2019

Before: Garry, P.J., Clark, Mulvey and Devine, JJ.


Joseph T. Burns, Albany, for appellant.
Van Loon Law, PLLC, Rochester (Nathan Van Loon of counsel), for Meredith A. Vacca, respondent.



Per Curiam.
Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered September 11, 2019 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the certificate of nomination naming petitioner as the Democratic Party candidate for the public office of Justice of the Supreme Court for the Seventh Judicial District in the November 5, 2019 general election.
On August 8, 2019, the Democratic Party's judicial nominating convention for the Seventh Judicial District was conducted in Monroe County. At the convention, petitioner and another individual were designated to be the Democratic Party candidates for the public office of Justice of the Supreme Court for the Seventh Judicial District in the November 5, 2019 general election. Minutes of the convention and the certificate of nomination designating the judicial candidates were signed on August 12, 2019 and given to a member of the Monroe County Democratic Party for filing with the State Board of Elections. These documents were mailed to the State Board on August 13, 2019 and received the following day. The State Board flagged the submissions as defective because the minutes of the judicial nominating convention were filed more than 72 hours after its conclusion and did not have the proper certification, contrary to the requirements of Election Law § 6-158 (6). After learning of these deficiencies, the Monroe County Democratic Committee (hereinafter the Committee) filed a certification of the minutes with the State Board on August 15, 2019.
Respondent Sheila Harvey is a registered member of the Democratic Party who filed general and specific objections to the certificate of nomination with the State Board. The State Board determined that, because the convention minutes were filed after the 72-hour deadline set forth in Election Law § 6-158 (6), the certificate of nomination was invalid. Petitioner, in turn, commenced this proceeding pursuant to Election Law § 16-102 seeking to validate her nomination. Following joinder of issue, Supreme Court granted the petition and declared that the nomination of petitioner as the Democratic Party candidate for the public office of Justice of the Supreme Court for the Seventh Judicial District was valid. Harvey appeals.
As is relevant here, Election Law § 6-158 (6) provides that "a certificate of party nomination made at a judicial district convention shall be filed not later than the day after the last day to hold such convention and the minutes of such convention, duly certified by the chair[] and secretary, shall be filed within [72] hours after adjournment of the convention." The failure to file the convention minutes in accordance with the statutory requirements is not a fatal defect (see Matter of Fuentes v Catalano, 165 AD3d 1010, 1013 [2018], lv denied 32 NY3d 908 [2018]; Matter of Hurd v Stout, 97 AD2d 616, 617 [1983], affd for reasons stated below 60 NY2d 787 [1983]). Rather, "[w]here there is a showing of both a compelling explanation for the deviation from the statutory requirements and of a prompt attempt to rectify the error in the failure to file certified minutes of a judicial [nominating] convention, invocation of judicial discretion may be appropriate to remediate the harsh consequences, to both the affected candidates and to the public interest in having competitive elections" (Matter of Fuentes v Catalano, 165 AD3d at 1013-1014). Accordingly, in Matter of Murphy v Acito (65 AD2d 661, 662 [1978], appeal dismissed 45 NY2d 897 [1978], lv denied 45 NY2d 712 [1978]), this Court found that the trial court properly exercised its discretion in excusing the late filing of the minutes of a judicial nominating convention where "the delay in filing was brief and did not prejudice the integrity of the electoral process or disrupt the electoral machinery" (compare Matter of Thomas v New York State Bd. of Elections, 44 AD3d 1155, 1156 [2007]).
Here, the judicial nominating convention concluded on August 8, 2019 and the minutes were required to be filed with the State Board by August 12, 2019 (see Election Law § 6-158 [6]; General Construction Law § 25-a [1]). Although the minutes were prepared and signed on that date, they cannot be considered to have been properly filed until August 15, 2019, when they were received by the State Board with the necessary certification. Petitioner attributes the three-day delay to administrative and clerical errors. Specifically, the judicial nominating convention was directly followed by a convention of the Committee to select a new county elections commissioner, causing confusion and resulting in the minutes not being prepared and signed immediately. In addition, when the minutes were signed on August 12, 2019, the Committee consulted the filing deadlines set forth in the State Board's 2019 political calendar for judicial district conventions and mistakenly relied on the date for filing the certificate of nomination, which was August 15, 2019. By the time the Committee was notified of the deficiencies in its filings, it had already submitted the actual convention minutes to the State Board. Notably, it took prompt action to remedy the deficiencies by filing the certification the next day, August 15, 2019. In view of the foregoing, we agree with Supreme Court that petitioner put forth a reasonable excuse for the late filing and that the delay was relatively minor.
Furthermore, there is no indication that the late filing prejudiced the integrity of the electoral process or significantly disrupted the electoral machinery (see Matter of Murphy v Acito, 65 AD2d at 662; compare Matter of Thomas v New York State Bd. of Elections, 44 AD3d at 1157). Although a new political calendar was adopted in 2019 moving the primary election forward to June, most of the deadlines set forth therein are not impacted by the late filing. Moreover, this validation proceeding was commenced and Supreme Court's decision was rendered before the September 11, 2019 date when the State Board must certify the general election ballot and the September 20, 2019 date when ballots must be transmitted to military and special federal voters. Therefore, under the circumstances presented, Supreme Court did not improvidently exercise its discretion in excusing the late filing and validating petitioner's nomination.
Garry, P.J., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.