In re HAUGH et al.

(Supreme Court, Appellate Division, Second Department. November 3, 1910)

1. ELECTIONS (§ 132*)—NOMINATING CONVENTIONS—PROCEEDINGS—PRESIDING OFFICER—SELECTION.

Election Law (Laws 1909, c. 22 [Consol. Laws, c. 17]) § 67, requires every convention to be called to order by the chairman of the committee with whom the call originates, or by one designated in writing for that purpose by such chairman, gives such chairman or person so designated the custody of the roll of the convention until it is organized, prohibits a convention from electing a temporary chairman or transacting business until the time fixed for opening has arrived and at least a majority of the delegates named in the official roll are present, and provides that the roll call upon the election of a temporary chairman shall not be delayed more than one hour after the time set in the call for the opening of the convention, provided a majority of the delegates are present, and that the person calling the convention to order shall exercise no other function than calling the official roll upon the vote for a temporary chairman and declaring the result. *Held* that, if the one designated in writing to call the convention to order is absent for justifiable reasons, and a majority of the delegates are present, and the person designated has delivered the official roll call to one of them, the delegates may proceed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to organize the convention and transact business by selecting one of their number to call the convention to order; the provision requiring the convention to be called to order by the chairman of the committee, or by one designated in writing for that purpose by him, being directory to that extent.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 119; Dec. Dig. § 132.*]

2. ELECTIONS (§ 150*)—NOMINATIONS—CONTESTS—MOVING PAPERS.

Where, in a proceeding to contest a certificate of nomination, reference be made in the title of the moving papers to the wrong section of the statute entitling plaintiff to the relief prayed, but facts are stated bringing the objection within the appropriate section, the proceeding will be treated as based on the latter section.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 131; Dec. Dig. § 150.*]

Appeal from Special Term, Kings County.

In the matter of the application of Michael F. Haugh to review the action and the neglect of the officers and members of the Assembly District Convention of the Republican Party in the Eighth Assembly District. From an order, entered at Special Term, declaring a certificate of nomination void and restraining the Board of Elections from placing such nominee on the official ballot, an appeal was taken. Order reversed, and the determination of the Board of Elections, overruling objections to the certificate of nomination, confirmed.

Argued before JENKS, BURR, THOMAS, and CARR, JJ.

Charles H. Kelby, for appellant.

James D. Bell and B. N. Manne, for respondent.

PER CURIAM. The facts out of which this controversy arises are undisputed. The convention of the delegates duly elected by the Republican party for the nomination of a candidate for member of assembly in the Eighth assembly district of Kings county was appointed to be held on October 7, 1910. One William J. Smith was designated in writing by the chairman of the Republican county committee to call the convention to order. At the time and place appointed a majority of the persons elected as delegates assembled. Owing to illness, Smith was unable to be present, and so notified the assembled delegates, and delivered the certified roll of elected delegates to one of them. Within an hour after the time specified in the call for the opening of the convention, a majority of the delegates, being present, requested John P. Hurley, one of their number, to call the convention to order, which he did. The names of the delegates were called from the roll, and as they were called they voted for a temporary chairman. Thereafter permanent officers were chosen, and the convention proceeded to transact the business for which it had been called together. Subsequently a certificate to the effect that Joseph A. Van Wynen had been duly nominated for the office in question was filed with the board of elections. The validity and legality of said certificate was attacked upon the ground that the convention was not called to order by the chairman of the committee

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with whom the call originated, or by William J. Smith, the person designated in writing for that purpose.

The objections to such certificate were not sustained by the board of elections; but in a proceeding brought before a Special Term of this court the determination of the said board was overruled, the certificate of nomination of Van Wynen was declared null and void, and the board of elections were restrained from placing his name on the ballot as the regular Republican candidate for office of assemblyman in the Eighth assembly district. The learned justice at Special Term based his decision upon two cases decided in the Appellate Division of this court in the First Department. Matter of Thomas, 128 App. Div. 331, 112 N. Y. Supp. 664; Matter of Byrne, 128 App. Div. 334, 112 N. Y. Supp. 699.

We think that neither of these cases goes to the extent claimed. The election law (Laws 1909, c. 22 [Consol. Laws, c. 17] § 67) provides as follows:

"Every convention shall be called to order by the chairman of the committee with whom the call originates or by a person designated in writing for that purpose by such chairman, and such chairman or person so designated shall have the custody of the roll of the convention until it shall have been organized. No convention shall proceed to the election of a temporary chairman or transact any business until the time fixed for the opening thereof has arrived and at least a majority of the delegates or respective alternates named in the official roll shall be present. The roll call upon the election of temporary chairman shall not be delayed more than one hour after the time specified in the call for the opening of the convention, provided a majority of the delegates are present. * * * The person who calls the convention to order shall exercise no other function than that of calling the official roll of the delegates upon the vote for temporary chairman and declaring the result thereof."

The primary purpose of this section of the act was to insure that some responsible person should be intrusted with the authentic roll of the delegates to the convention, and that the organization should be effected by the votes of the persons named thereon, determined upon a call of such roll. If the person designated to call the convention to order is present at the time and place appointed, ready and willing to discharge the duties of his office, doubtless no one could usurp his position. If he is prevented from doing so because of the absence of the official roll, or because a majority of the delegates are not present, a convention called to order at a subsequent time, by a person other than the one so designated, would, in his absence at a time when he was able and willing to serve, be irregular and its proceedings void. So the proceedings of a convention at which the names of those voting for a temporary chairman were not called from the official roll, or a convention at which the choice for temporary chairman was not made upon roll call, but by acclamation, would also be irregular. This was all that was necessarily included or decided by either of the cases above referred to, and to that extent we agree with them.

But we think that the provisions of section 67 of the election law are so far directory, and not mandatory, that if the person designated to call the convention is unable to be present for justifiable reasons,

and the official roll has been delivered by him to one of the persons named as delegates, and is there present, as is also a majority of the delegates, the convention is not prohibited from proceeding to organize and transact its business because of the absence of such person. The section of the act forbids a convention to proceed to business until the time fixed for the opening has arrived, and at least a majority of the delegates or respective alternates named in the official roll shall be present. That necessarily includes the presence of the official roll, since otherwise it would be impossible to determine who the delegates or respective alternates were. The same section forbids the convention to delay proceeding upon the roll call for the nomination of temporary chairman for more than one hour provided a majority of the delegates are present. This again involves the presence of the official roll, for the reason hereinbefore stated. In neither place does it either forbid the convention to proceed, or require it to proceed by forbidding it to delay, because the person designated to call it to order is absent.

Should we hold this provision to be under all circumstances mandatory, if the person designated should suddenly die, be overtaken with sudden and serious illness, or perchance by forcible means be prevented from attending at the time and place appointed, the delegates chosen might be prevented from performing the duty for which they were selected, and the electors of the district might be hindered in the expression of their choice for a person to fill the office in question. Such a construction should not be put upon the language of the act, unless absolutely necessary; and, considering the purpose and intent of the provisions of the section in question, we do not feel constrained so to hold.

In the title of this proceeding it was stated that it was taken under section 70 of the election law, and the point is made that that section is not applicable to this situation. The facts stated in the moving papers show that it was really taken under sections 125 and 134 of the election law, and the court at Special Term so regarded it. If reference has been made to the wrong section of the law to entitle parties to relief in the title thereof, the case may be disposed of in accordance with the facts as they appear.

The order of the Special Term should be reversed, without costs, and the determination of the board of elections, overruling the objections to the certificate of nomination, confirmed.