(141 App. Div. 29.)

PEOPLE ex rel. McGRATH v. DOOLING et al.

(Supreme Court, Appellate Division, Second Department.  November 3, 1910.)

ELECTIONS (§ 154*)—NOMINATIONS—FILING.

> Where the original certificate of nomination is valid, the court, on mandamus, will not require the board of elections to accept a second certificate, made by a convention which reassembled and which was called to order by the person designated to call it to order, though the court has power so to do; but it will direct the issuance of mandamus requiring the board of elections to print on the official ballot the name of the candidate.
>
> [Ed. Note.—For other cases, see Elections, Dec. Dig. § 154.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of James F. McGrath, against John T. Dooling and others, constituting the Board of Elections of the City of New York, and others, to compel the filing of a certificate of nomination. From an order denying relief, relator appeals. Modified and affirmed.

Argued before JENKS, BURR, THOMAS, and CARR, JJ.

Charles H. Kelby, for appellant.

James D. Bell and B. N. Manne, for respondents.

PER CURIAM. After the decision of the Special Term in the Haugh Case on October 26, 1910 (127 N. Y. Supp. 747), the delegates elected to the assembly convention again assembled. William J. Smith, the person designated to call the convention to order, was present and called it to order. The choice of a temporary chairman was made upon proper roll call, and the convention took such action as resulted in the nomination of Joseph A. Van Wynen for the office of assemblyman in question. The certificate of such nomination was presented to the board of elections, who refused to receive the same upon the ground that the time for filing certificates of original party nominations had expired on October 14th. Election Law (Laws 1909, c. 22 [Consol. Laws, c. 17]) § 128. This proceeding was brought to obtain a peremptory writ of mandamus to compel the said board to accept such certificate of nomination, and for such other and further relief as might be just. The motion was denied at the Special Term, and from the order entered on such decision this appeal is taken.

In view of our decision in the Matter of Michael F. Haugh, 125 N. Y. Supp. 704, decided herewith, it is unnecessary for us to consider whether, if the original action of the convention had been invalid, its subsequent action could be sustained. As the original certificate of nomination has been held to be valid, it is not necessary to require the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

board of elections to accept the second certificate, if we had the power to do so. The application, therefore, for so much of the relief prayed for may be denied.

To save any possible question, however, we have concluded to direct that a mandamus issue, requiring the board of elections to print upon the official ballot the name of Joseph A. Van Wynen as the candidate of the Republican party for the office of assemblymen in the Eighth assembly district in the county of Kings.

The order appealed from should be thus modified, and, as so modified, affirmed, without costs.