(October 28, 1994)

■ In the Matter of RICHARD BRUNO, Appellant, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, et al., Respondents. [618 NYS2d 75] —In a proceeding to challenge the nomination of Matthew F. Coppolla, John J. Barry, Jr., and Daniel A. O'Connor, who was replaced by James Manning, as candidates of the Right to Life Party for the public offices of Justice of the Supreme Court in the Ninth Judicial District, the appeal is from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered October 13, 1994, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the certificate of nomination is declared invalid, and the New York State Board of Elections is directed to delete the names of Matthew F. Coppolla, John J. Barry, Jr., and James Manning from the appropriate ballot.

On September 26, 1994, the Right to Life Party held a Judicial Convention for the Ninth Judicial District. Three candidates were nominated: Matthew F. Coppolla, who was unanimously nominated, and John J. Barry, Jr., and Daniel A. O'Connor, who each defeated Kenneth Rudolph by a vote of 5 to 4. Mr. O'Connor was later replaced by James Manning by the Committee to Fill Vacancies.

On October 4, 1994, after filing general and specific objections, the petitioner brought the instant proceeding alleging, *inter alia,* that the certificate of nomination was invalid because the convention was not legally constituted. The petitioner alleged that, pursuant to Election Law § 6-124, a dele-

gate must be elected from each Assembly District. Thus, since the Ninth Judicial District is comprised of 16 Assembly Districts and delegates from only 11 districts were elected, the convention was not legally constituted.

The Supreme Court dismissed the petition, on the ground that the petitioner failed to serve Kenneth Rudolph, who the court determined was a necessary party. The court also found no merit to the petitioner's claims. The petitioner appeals.

Contrary to the Supreme Court's finding, Kenneth Rudolph is not a necessary party (see, CPLR 1001 [a]; *Matter of Castracan v Colavita,* 173 AD2d 924). As the person losing the party's nomination, Rudolph had no rights which could be detrimentally affected in the instant proceeding, and his interests are not interwoven with those whose interests would be affected.

As for the merits of the petitioner's claims, we find that the convention was not legally constituted. Election Law § 6-124 states that "[t]he number of delegates and alternates, if any, shall be determined by party rules" but the number of delegates must be in substantial accordance with proportional representation (see, *Matter of Azria v Salerno,* 68 NY2d 887). The rules of the Right to Life Party provide that "a Judicial District Convention may function if one delegate has been elected from at least half the Assembly Districts within the Judicial District". This provision is not in contravention of Election Law § 6-124 so long as the number of delegates elected substantially complies with proportional representation (see, *Matter of Azria v Salerno, supra).*

Here, 11 delegates were elected from the 16 Assembly Districts in the Ninth Judicial District, and there was a quorum of 9 delegates at the convention. However, the delegates elected did not substantially comply with proportional representation based upon the number of votes cast for the party candidate for the office of Governor in the last election (see, Election Law § 6-124). Notably, no representative was elected from 3 of the 6 largest Assembly Districts. Moreover, the delegates elected to the convention only represented about 53% of the total votes cast at the last gubernatorial election.

In conclusion, the Right to Life Party's judicial nominating convention was not legally constituted, and the certificate of nomination must be declared invalid. Bracken, J. P., Sullivan, Lawrence and Santucci, JJ., concur.