■ In the Matter of MALETA SNELL, Respondent, v MICHAEL F. YOUNG et al., as Candidates for the Office of Justice of the Supreme Court in the 5th Judicial District, et al., Appellants, et al., Respondents. [931 NYS2d 201]—

Per Curiam.

Following a judicial nominating convention held by the Independence Party on September 25, 2011, a certificate of nomination naming respondents Michael F. Young, Erin P. Gall, James P. McClusky and Prescott E. Klosner (hereinafter collectively referred to as the candidates) as that party's candidates for the public office of Justice of the Supreme Court for the 5th Judicial District in the November 8, 2011 general election was filed the next day, along with the minutes of the convention, with respondent State Board of Elections. Petitioner, an enrolled member of the Independence Party, filed general and specific objections to the certificate with the State Board, which deemed the certificate to be presumptively valid. Subsequently, petitioner commenced this proceeding in accordance with Election Law § 16-102 seeking to invalidate the certificate of nomination. Supreme Court thereafter granted the petition and invalidated the certificate, concluding, among other things, that the convention was not properly convened because the composition of the certified delegates and alternates did not comply with the proportional representation requirements set forth in the Election Law and Independence Party rules. This appeal by the candidates, respondent State Committee of the Independence Party and certain of its officers (hereinafter collectively referred to as appellants) ensued.

Initially, appellants maintain that the proceeding should have been dismissed due to petitioner's failure to name as a party the Executive Committee of the State Independence Party. We disagree.* While there is no question that the subject convention was authorized to convene by a vote of the State Executive Committee, here, as noted by Supreme Court, petitioner joined the State Committee of the Independence Party. Under party rules (art II, § 2), the officers of the State Committee constitute the Executive Committee. Inasmuch as the petition herein also individually names as respondents the permanent chair and permanent secretary of the judicial nominating convention, we find that the interests of the Executive Committee are "adequately represented" (*Matter of New York State Comm. of the Independence Party v New York State Bd. of Elections*, 87 AD3d

---

* The appellants' contention that the delegates were necessary parties within the meaning of CPLR 1001 (a) is not persuasive.

806, 811 [2011], *lv denied* 17 NY3d 706 [2011]), and dismissal pursuant to CPLR 1001 was properly denied.

We are similarly unpersuaded that petitioner lacked standing to bring this proceeding. Petitioner is a duly registered member of the Independence Party who filed objections to the nominations (*see generally* Election Law § 16-102 [1]). Accordingly, inasmuch as issues such as those presented herein involving proportionality requirements and the proper conduct of judicial nominating conventions are of particular concern to party members (*see Matter of Nicolai v Kelleher*, 45 AD3d 960, 963 [2007]), we find no basis to dismiss the proceeding on standing grounds.

Turning to the merits, petitioner maintains that the composition of the delegates elected to the subject judicial nominating convention did not substantially comply with the proportional representation requirement set forth in Election Law § 6-124, which states, in relevant part: "The number of delegates and alternates, if any, shall be determined by party rules, but the number of delegates shall be substantially in accordance with the ratio, which the number of votes cast for the party candidate for the office of governor, on the line or column of the party at the last preceding election for such office, in any unit of representation, bears to the total vote cast at such election for such candidate on such line or column in the entire state." The Independence Party rule regarding the selection of delegates and alternate delegates for the nomination of a Supreme Court Justice in the 5th Judicial District provides for "the election of one delegate and one alternate delegate from each assembly district in the judicial district for each [750] votes or major fraction thereof cast in such assembly district or portion" (art XI, § 1 [a]). Here, the party call for the 12 Assembly Districts in the 5th Judicial District allowed for a total of 18 delegates, while Supreme Court ultimately determined that the appropriate number of delegates allowed should have been 20 (only 12 delegates were ultimately elected). Even assuming the party's 18-delegate figure to be correct, there was insufficient compliance with the statutory requirement of substantial proportionality.

Specifically, we note that four of the largest Assembly Districts (namely the 115th, 119th, 121st and 124th) had a combined total of 6,762 votes in the 2010 gubernatorial election, which constitutes 56% of the total 11,897 votes cast in the 5th Judicial District. This 56% was represented by a total of four elected delegates, which, in turn, was only 30% of the 12 delegates ultimately elected (*see generally Matter of Bruno v New York*

*State Bd. of Elections*, 208 AD2d 877, 878 [1994]). In contrast, for example, two of the smallest Assembly Districts such as the 111th and the 129th (with 207 and 166 votes, respectively) constitute 3% of the total votes in 2010. These Assembly Districts each had one delegate elected, the same number of delegates elected for each of the largest Assembly Districts such as the 115th (1,544 votes in the 2010 election), the 119th (1,323 votes), the 121st (2,022 votes) and the 124th (1,873 votes). While there is no question that the statute does not require strict proportional representation, we simply cannot say that, in this case, "most districts were properly represented in proportion to their voting strength" (*Matter of Azria v Salerno*, 68 NY2d 887, 889 [1986]). Accordingly, we are constrained to conclude that the petition was properly granted.

All remaining arguments not specifically addressed above have been considered and found to be unpersuasive.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.