Matter of Marzullo v DelConte (2018 NY Slip Op 07035)





Matter of Marzullo v DelConte


2018 NY Slip Op 07035


Decided on October 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2018

527629

[*1]In the Matter of THERESA L. MARZULLO, Appellant- Respondent,
v
SCOTT J. DelCONTE, as Candidate for the Office of Justice of the Supreme Court for the Fifth Judicial District, et al., Respondents- Appellants, et al., Respondents.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Rumsey and Pritzker, JJ.


James E. Long, Albany, for appellant-respondent.
Thomas Buckel, Syracuse, for Scott J. DelConte, respondent-appellant.
James E. Walsh, Ballston Spa, for James P. Murphy and others, respondents-appellants.



MEMORANDUM AND ORDER
Per Curiam.
Cross appeal from an order of the Supreme Court (McDonough, J.), entered October 16, 2018 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondents Scott J. DelConte, James P. Murphy, Gerry Neri and Donald A. Greenwood as the Conservative Party candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 6, 2018 general election.
By certificate of nomination filed September 25, 2018, the Conservative Party named respondents Scott J. DelConte, James P. Murphy, Gerry Neri and Donald A. Greenwood (hereinafter respondent candidates) as its candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 6, 2018 general election. Within the time allotted by Election Law § 6-154 (2), petitioner filed general and specific objections to the certificate of nomination contending that respondent H. Leonard Schick, who had been designated as the convenor of the Conservative Party's judicial nominating convention for the Fifth Judicial District, assumed additional duties at the convention in violation of Election Law § 6-126 (1) and, therefore, the resulting certificate of nomination was null and void. Due to time constraints, petitioner commenced this proceeding upon the same ground — seeking to invalidate [*2]the relevant certificate of nomination and to restrain respondent State Board of Elections from certifying the ballot at issue — without awaiting a ruling from the State Board.[FN1]
Respondent candidates answered and raised various affirmative defenses, including lack of standing and failure to join Schick as a necessary party [FN2]. DelConte amended his answer and separately moved to dismiss the petition, primarily contending that petitioner's failure to join the Executive Committee of the Conservative Party, as well as its chair, as necessary parties compelled dismissal of the petition. Supreme Court rejected the standing and necessary party defenses and, as to the merits, agreed that Schick's actions at the convention violated the relevant portion of Election Law § 6-126 (1). Accordingly, Supreme Court declared the certificate of nomination to be invalid and, relying upon the provisions of Election Law § 16-102 (3), ordered that the judicial nominating convention for the Fifth Judicial District reassemble on or before October 23, 2018 for the purpose of nominating Conservative Party candidates for the office of Justice of the Supreme Court for that district. Petitioner appeals, and respondent candidates cross-appeal.[FN3][FN4]
Preliminary, we reject any argument that petitioner lacks standing to commence this proceeding (see Election Law § 16-102 [1]; Matter of Marafito v McDonough, 153 AD3d 1123, 1124-1125 [2017]; Matter of Snell v Young, 88 AD3d 1149, 1151 [2011], lv denied 17 NY3d 715 [2011]) or that the petition should be dismissed for failure to join necessary parties (see Matter of Fuentes v Catalano, ___ AD3d ___, ___, 2018 NY Slip Op 07034, *2 [2018]; see also Matter of Snell v Young, 88 AD3d at 1150; Matter of Michaels v New York State Bd. of Elections, 154 AD2d 873, 874 [1989]). Turning to the merits, Election Law § 6-126 (1) provides, in relevant part, that "[t]he person who calls the convention to order shall exercise no other function than that of calling the official roll of the delegates upon the vote for temporary chairman and declaring the result thereof." As Schick was the individual designated to perform such function here, petitioner asserts that Schick could not — consistent with the terms of the statute — assume any other role at the judicial nominating convention, including serving as the temporary and then permanent chair of the convention.
Although the Court of Appeals has observed that the detailed procedural framework set forth in the Election Law generally militates against courts "exercis[ing] flexibility in statutory interpretation" (Matter of Gross v Albany County Bd. of Elections, 3 NY3d 251, 258 [2004]), the Court also has recognized that a procedural defect need not be fatal where, as here, the defect alleged did not constitute a "substantive deficiency" implicating the integrity of the electoral process (Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d 139, 151 [2010] [*3][internal quotation marks and citation omitted]). Consistent therewith, this Court previously has recognized that "[c]ourts should construe statutes to avoid an unreasonable result and should, if necessary, depart from the literal words of the statute to comply with the legislative intent" (Matter of Murphy v Acito, 65 AD2d 661, 662 [1978], appeal dismissed 45 NY2d 897 [1978], lv denied 45 NY2d 712 [1978]). To that end, in interpreting Election Law former § 67, which contained the exact same language now embodied in Election Law § 6-126 (1) and relied upon by petitioner, it has been noted that "[t]he primary purpose of this section . . . was to insure that some responsible person should be intrusted with the authentic roll of the delegates to the convention, and that the organization should be effected by the votes of the persons named thereon determined upon a call of such roll" (Matter of Haugh, 141 App Div 26, 27-28 [1910]).
Upon reviewing Schick's unchallenged affidavit, it is clear that the purpose of Election Law § 6-126 (1) was fulfilled here and that any procedural infirmity that may have occurred in no way impaired the integrity or results of the nomination process. Notably, Schick averred that, in his capacity as convenor, he called the convention of elected delegates to order, personally called the official roll of delegates and alternate delegates as provided by the State Board and duly recorded each delegate's attendance or absence. Schick further averred that a quorum of elected delegates was present to conduct the business of the nominating convention, fulfilling his role as the convenor. We recognize that the delegates' subsequent election of Schick to serve as the temporary and then permanent chair of the convention did not comply with Election Law § 6-126 (1), which required the delegates to select someone else to serve as chair. However, this does not, under the particular facts of this case, warrant invalidation of the certificate of nomination. The minutes of the convention do not reveal any evidence of fraud, mistake, overreaching or any other substantive infirmity impairing or otherwise prejudicing the conduct of the convention, the nomination process itself or the results obtained thereat, such as the lack of a quorum or disproportional representation (compare Matter of Snell v Young, 88 AD3d at 1152; Matter of Bruno v New York State Bd. of Elections, 208 AD2d 877, 878 [1994]; Matter of Meader v Barasch, 133 AD2d 925, 927-928 [1987], lv denied 70 NY2d 611 [1987]). Absent such proof, and recognizing that the four respondent candidates nominated to fill the four vacancies were unanimously selected by the delegates, we discern no substantive defect warranting invalidation of the certificate of nomination naming respondent candidates as the Conservative Party candidates for the public office of Justice of the Supreme Court for the Fifth Judicial District in the November 6, 2018 general election. Accordingly, Supreme Court's order invalidating the certificate of nomination is reversed. In light of this conclusion, we need not address the remaining arguments raised by respondent candidates upon their cross appeal, nor is it necessary to consider — in the context of petitioner's appeal — the propriety of Supreme Court's directive that the judicial nominating convention be reconvened.
Lynch, J.P., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: The State Board subsequently determined that the certificate of nomination retained its presumption of validity pending a judicial determination.

Footnote 2: The verified petition, however, does in fact name Schick as a respondent and expressly alleges that Schick was designated to call the nominating convention to order and thereafter assumed additional duties with respect thereto.

Footnote 3: The State Board took no position on this proceeding before Supreme Court and does not appear on this appeal. Further, petitioner's appeal is limited to contesting the remedy fashioned by Supreme Court, i.e., directing that the judicial nominating convention be reassembled, after the court determined that the challenged certificate of nomination was invalid. The cross appeal brought by respondent candidates, however, raises threshold issues, such as standing and failure to join necessary parties, and further challenges the invalidation of the certificate of nomination in the first instance. As such, we must first address the issues raised on the cross appeal.

Footnote 4: By order entered October 17, 2018, Supreme Court stayed its order until October 23, 2018 or further order of said court.